Nash, J.
 

 The refusal of the Judge to receive the evidence offered by the defendant is the error of which he complains. We think his Honor erred, and that the testimony ought to have been received. In actions sounding in damages, the jury, in general, have a discretionary power, in awarding them, subject to the control of the Court. But in a case of deceit in the sale of property,
 
 *48
 
 the law has adopted as the rule by which the jury,, are to be governed, and the damages estimated, the difference in the value of the article sold, as sound or unsound, at the time of the sale. The price given by the purchaser, and that for which he sold it, do not, conclusively, fix the amount of damages. But it is competent as
 
 some
 
 evidence of the value of the property, at the respective times of the purchase and the sale, and as such the jury had a right to have it.
 
 Clare
 
 v.
 
 Maynard,
 
 32, E. C. L. R. 714. It does not establish the value, but may aid and assist the jury in their enquiries upon the point. More particularly was it admissible in this case, as the plaintiff had furnished the jury with no evidence upon which they could understandingly act.
 

 He did not show what sum Tamer was worth at the time of the sale, either as sound or unsound.
 

 Per Curiam. Judgment reversed, and a
 
 venire de novo
 
 awarded.