B. B. PALMER ET AL. v. NORTH CAROLINA STATE HIGHWAY
COMMISSION.

(Filed 31 January, 1928.)

**Eminent Domain — Proceedings to Assess Compensation — Evidence of
Value.**

When the value of a building used as a store, and taken by the State
Highway Commission in the construction of its highway, is to be deter-
mined in an action against it, the rental value of the building is compe-
tent upon the question of the fair market values at the time of the taking,
and while the purchase price of the land eighteen years before would
ordinarily be too remote to be competent evidence, it is otherwise on cross-
examination when the plaintiff himself has testified as to its value to
test the accuracy of his opinion thereof, and to show the basis of the
opinion.

CIVIL ACTION, before *Stack, J.,* at April Term, 1927, of CHEROKEE.
The plaintiffs instituted an action against the defendant for damages
for the taking of land upon which there was a store building. The
property was taken by the defendant in the construction of a highway.
Appraisers were duly appointed, who assessed the damages sustained by
plaintiffs. From the judgment rendered by the clerk both parties ap-
pealed to the Superior Court. In the Superior Court an issue of dam-
ages was submitted to the jury and the verdict of the jury awarded
damages in the sum of $875. From judgment upon the verdict the
petitioners appealed.

1—195

*J. D. Mallonee and Moody & Moody for plaintiffs.*
*Charles Ross for defendant.*

BROGDEN, J. The cause presents in the main only issues of fact which the jury has determined. The main item of damage claimed by the plaintiffs was the destruction of a store building. The store building had never been rented out, but the sons of plaintiffs used the building for mercantile purposes with the understanding that the plaintiffs were to have their supplies at wholesale price in lieu of a stipulated rental. On cross-examination the plaintiff was asked whether or not the business had been prosperous. The plaintiff objected to this question and answer, and excepted to the action of the trial judge in permitting the evidence. This exception cannot be sustained. Rental value of property is competent upon the question of the fair market value of property at the time of the taking. *Brown v. Power Co.,* 140 N. C., 333. If the plaintiffs were to receive a part of the stock of merchandise in lieu of rental, the amount of stock carried or the volume of business would be a circumstance to be considered by the jury in determining what return the plaintiffs were receiving for the property at the time of taking. Plaintiffs further testified on cross-examination that they did not build the building upon the premises; that the building was upon the land at the time they purchased it, about eighteen years ago. Thereupon, the defendant asked the witness what the purchase price was for the entire property. Plaintiff objected to this question. The objection was overruled, and plaintiffs testified that the purchase price was $1,000, but that they had purchased it eighteen years ago. It is accepted law that when land is taken in the exercise of eminent domain it is competent, as evidence of market value, to show the price at which it was bought if the sale was voluntary and not too remote in point of time. *R. R. v. Church,* 104 N. C., 525; *R. R. v. Mfg. Co.,* 169 N. C., 156. Certainly the value of property eighteen years before the taking, nothing else appearing, would be incompetent, but upon the present record it appears that the plaintiffs had testified that they had owned the property for eighteen years, and that the building was then upon the property. The plaintiffs had further testified that at the time of the taking the property was worth $3,000. It was therefore permissible on cross-examination to test the accuracy of the opinion of the witness as to the value of the property as well as to demonstrate the basis of his opinion as to the value thereof. A careful perusal of the record and briefs convinces us that the case has been fairly tried, and the judgment is affirmed.

No error.