KEITH TRACTOR AND IMPLEMENT CO., INC., v.

W. B. McLAMB AND MRS. W. B. McLAMB.

(Filed 10 June, 1960.)

**1. Appeal and Error § 21—**

A sole assignment of error to the signing and entering of the order appealed from raises only the questions of whether the facts found support the judgment and whether fatal error of law appears upon the face of the record.

**2. Claim and Delivery § 4—**

Where judgment in claim and delivery directs that the property be sold and the proceeds of sale be applied to the judgment on the note secured by a mortgage on the personalty, an order setting aside the judgment "in so far as it pertains to the value of the property" is irrelevant and a nullity.

**3. Same— Record held insufficient to show equities entitling defendants to attack price brought at public sale on ground of inadequacy.**

In this action on a note secured by mortgage on personalty, claim and delivery for the personalty was issued, and default judgment was entered for the amount of the note, which judgment directed the sale of the mortgaged property by the mortgagee and the application of the proceeds of sale to the judgment. Sometime thereafter the plaintiff sold the property at public auction and reported the sale to the court. Upon defendants' motion in the cause, based upon the asserted inadequacy of the price at the sale, the court, upon consideration of the judgment roll, ordered that the cause be transferred to the civil issue docket in order that the value of the property at time of its seizure might be determined. The judgment roll failed to disclose either the specific property seized or the time of its seizure, irregularity in the sale, or equities in favor of defendant. *Held:* Order transferring the cause to the civil issue docket for the determination of the value of the property at the time of its seizure is not supported by the record and cannot be sustained.

**4. Appeal and Error §§ 2, 7—**

Whether the Supreme Court will consider a demurrer *ore tenus* upon a fragmentary appeal rests in its sound discretion.

**5. Claim and Delivery § 4—**

While the value of personalty seized in claim and delivery by the mortgagee is to be determined as of the time of seizure, when judgment by default is promptly taken by the mortgagee and foreclosure sale is made within a reasonable time thereafter, the price obtained at such sale is conclusive as to value at the time of the seizure in the absence of fraud, intervening damage to the property, failure to comply with the requisites for a valid sale, or other equitable considerations affecting value.

**6. Same—**

In the instant case, whether the mortgagors are entitled to any credit on the judgment note over and above the sale price must be determined

by the lower court upon consideration of the equities upon definite find-
ings as to the date of seizure and the date of sale, the promptness with
which defendants moved for relief, etc.

APPEAL by plaintiff from *Williams, J.,* October 1959 Civil Term, of
HARNETT.

On 21 August 1956 defendants executed and delivered to plain-
tiff a promissory note for $1659.30 and a chattel mortgage convey-
ing a tractor and equipment for security. Plaintiff filed suit on 5
November 1956 for the face amount of the note and caused claim
and delivery proceedings to issue for the tractor and equipment. Sum-
mons was served 17 November 1956.

The complaint sets out the note verbatim and alleges demand and
default. The affidavit in claim and delivery complies with the re-
quirements of G.S. 1-473, and alleges that the value of the tractor and
equipment is $800.00. Defendants filed no answer or other pleadings.

On 11 February 1957 the Clerk of Superior Court entered judg-
ment by default. It recites, among other things, that claim and de-
livery proceedings were served on 17 November 1956, and "notwith-
standing . . . the seizure of said personal property, or so much there-
of as (sheriff) was able to find, defendants failed and neglected to
replevy . . . , which said personal property is now held by the sheriff
. . . to be . . . delivered to the plaintiff as by law provided." It adjudg-
ed: (1) that plaintiff recover the amount of the note; and (2) that
plaintiff is entitled to the immediate possession of the mortgaged
property for sale and application of proceeds to the money judgment.

On 16 December 1957 the clerk issued execution and directed the
sheriff to satisfy the judgment out of the personal and real property
of defendants and, if such property proved insufficient, to "search
for and find . . . the personal property" (described in the chattel
mortgage) and "deliver the same to the plaintiff." The sheriff's re-
turn on the execution states that on 30 December 1957 he took from
defendants and delivered to plaintiff the mortgaged property.

On 10 February 1958 plaintiff sold the tractor and equipment at
public auction at the price of $330.00 and reported the sale to the
court.

Defendants on 28 August 1959 filed a motion in the cause and alleged
that the tractor and equipment were seized by the sheriff under claim
and delivery on 17 November 1956 and with the consent of plaintiff
were retained by the sheriff until 17 February. 1958, and that this
property at the time of seizure was well worth $1700.00. Defendants
ask that the judgment of the clerk, dated 11 February 1957, be vacat-

ed and set aside "in order that the value of the property may be determined as of the date of seizure."

The motion was heard and an order entered in Superior Court at the term above indicated. ". . . (a)fter hearing argument of counsel for defendants and likewise for the plaintiff and the introduction of Judgment Roll by the defendants" the court found as a fact, among other things, that "the sheriff . . . failed and neglected to turn over the possession of said personal property so seized by him (on 17 November 1956), if any, to the plaintiff and it was retained by the sheriff." It was adjudged: (1) that the judgment of the clerk, dated 11 February 1957, "is set aside and vacated in so far as it pertains to the value of the property," and (2) the cause is transferred to the Civil Issue Docket "in order that the value of the property seized may be determined on a proper issue submitted to the jury as of November 17, 1956, the date of its seizure."

From this order plaintiff appealed and assigned error.

*Dupree & Strickland and Dupree & Weaver for plaintiff, appellant.*
*Neill McK. Ross for defendants, appellees.*

MOORE, J. Plaintiff's sole assignment of error is to "the signing and entering the order." It raises only two questions: "(1) Do the facts found support the judgment and (2) does any fatal error of law appear upon the face of the record?" *Dellinger v. Bollinger,* 242 N.C. 696, 698, 89 S.E. 2d 592.

The order vacates and sets aside the judgment of the clerk "in so far as it pertains to the value of the property." The clerk's judgment makes no finding with respect to the value of the property in question, and no adjudication of value. Therefore this provision of the order is wholly irrelevant and a nullity. It is here observed that the judgment entered by the clerk was within his authority and jurisdiction, and on this record no cause for disturbing it has been asserted. G.S. 1-209 (c), (d) and (e). G.S. 1-211 (1) and (5).

The order transfers the cause to the civil issue docket "that the value of the property seized may be determined on a proper issue submitted to the jury as of November 17, 1956, the date of its seizure." This provision of the order is based on the assumption that the mortgaged property was seized and taken from the possession of defendants on 17 November 1956. There is no finding of fact to support this premise and the order predicated thereon. There is a finding that the sheriff "failed and neglected to turn over the possession of said personal property so seized by him, *if any,* to the plaintiff." (Empha-

sis ours) The words "if any" leave the matter in doubt and negate the proposition that there is a positive finding sufficient to support the order. Furthermore, the recitals in the order clearly indicate that the court heard no evidence but based the adjudication entirely upon arguments of counsel and the judgment roll. The judgment roll is inconclusive as to when the property was taken from the defendants by the sheriff.

There is a finding in the clerk's judgment that claim and delivery papers were served on 17 November 1956 and "notwithstanding . . . the seizure of said personal property, or so much thereof as (sheriff) was able to find, the defendants failed and neglected to replevy." How much was the sheriff able to find? Did he find all of the property, a single piece of equipment, or a wheel from the tractor? As to this the judgment roll is silent.

The sheriff's return of the claim and delivery proceedings is not helpful. It indicates that the papers were received 5 November 1956 and executed 17 November 1956 "by delivering a copy of the . . . summons, a copy of the complaint, a copy of the . . . affidavit and undertaking, and the order thereon endorsed" to defendants "and by taking from the defendants *the following* personal property described in the annexed affidavit:" (Emphasis ours) In the space following the colon there is nothing. It is entirely blank.

The sheriff's return of the execution dated 16 December 1957 is as follows: "Received December 18, 1957. Taken from defendant and delivered to the plaintiff (here is listed all of the personal property described in the chattel mortgage). This 30 day of Dec. 1957. C. R. Moore, Sheriff. . ." This return seems to indicate that the property was taken from defendants on or about 30 December 1957.

The challenged order is not supported by a finding of fact or the judgment roll. It cannot be sustained.

In the Supreme Court, for the first time, plaintiff interposed a demurrer *ore tenus* to defendants' motion in the cause on the ground that the motion does not state sufficient facts to constitute a valid claim for further relief in this action, in that all issues which might have been raised by defendants were determined against them when they failed to file answer, and the judgment of the clerk was by default final and concludes defendants.

This Court may, in its discretion, on a fragmentary appeal, express an opinion on the merits. Or it may refuse to do so. *G. M. C. Trucks v. Smith*, 249 N.C. 764, 768, 107 S.E. 2d 746. We think it proper in this instance to remand the cause to Superior Court for determination of the unresolved questions, if they are there properly presented.

Proof of the amount seized property brings at foreclosure a considerable time after seizure may not be treated as conclusive on the issue of value at the time of seizure. *Credit Corp. v. Saunders,* 235 N.C. 369, 373, 70 S.E. 2d 176. The value of the property taken is to be determined as of the time of its taking, and proof of its value within a reasonable time before or after the taking is competent as bearing upon its value at the time of seizure. *Newsom v. Cothrane,* 185 N.C. 161, 162, 116 S.E. 415. The price obtained at an auction sale made within a reasonable time after seizure of the property is competent evidence of the value at the time of the taking. 20 Am. Jur., Evidence, sec. 373, p. 340. Where mortgaged property has been taken by claim and delivery, and defendant fails to replevy and files no answer or other pleading and judgment is promptly taken by default and foreclosure sale is made within a reasonable time thereafter, the price which the property brings at foreclosure sale is, by virtue of the mortgage provisions, conclusive of its value at the time of seizure in the absence of fraud, damage to the property after seizure and before the sale, failure to comply with the legal and contractual requirements for a valid sale, or other equitable considerations affecting value.

In the instant case, if the property was taken from defendants by execution on or about 30 December 1957 and duly sold at foreclosure sale on 10 February 1958, are the circumstances and equities such that defendants will be permitted to raise the issue of value by motion in the cause more than eighteen months after sale? On the other hand, if the property was seized on 17 November 1956 and not sold until 10 February 1958, will defendants be permitted to reopen the case by motion in the cause, made two years and nine months after seizure of the property, for the purpose of submitting an issue of value to a jury, or will both plaintiff and defendants be limited and concluded by the allegations of the complaint and the affidavit in claim and delivery — defendants having failed to answer? Plaintiff alleged in its affidavit that the value of the property at the time of issuance of claim and delivery was $800.00. Defendants filed no answer to the complaint and no exceptions to plaintiff's undertaking. *Credit Corp. v. Saunders, Supra.*

The matters involved are for determination of the Superior Court. The inquiry is whether defendants are entitled to any credit on the clerk's judgment and the execution issued pursuant thereto over and above the sale price of $330.00.

The order below is vacated and the cause is remanded for further proceedings.

Error and remanded.