C. W. DAVIS and wife, MARY G. DAVIS v. H. B. LUDLUM, Doing business as H. B. LUDLUM & SONS; THE CITY OF WILMINGTON; KATHERINE G. ROGERS; J. V. TOMBERLIN, Doing business as J. V. TOMBERLIN CONSTRUCTION COMPANY.

(Filed 22 November, 1961.)

1. Trial § 57—

A judgment in a trial by the court under agreement of the parties, in the same manner as a judgment upon the verdict of a jury, cannot be based upon inconsistent and repugnant factual conclusions; nevertheless findings of the court will be reconciled if possible by interpretation in the light of the pleadings and evidence.

2. Same; Damages § 4— Findings in regard to quantum of damages held not repugnant when construed in the light of pleadings and evidence.

In this action to recover for damages to plaintiff's building resulting from the negligent manner in which the building on the adjacent lot was demolished by defendants, the court found the difference in the market value of plaintiff's building before and after the demolition in

a specified sum, and then found that plaintiff's building had been damaged through the negligence of defendants in a much smaller sum. *Held:* When interpreted in light of the pleadings and evidence, the first finding related to a diminution in value to plaintiff's building resulting not only from defendants' negligence but also from a change in use of the adjacent property and the disclosure of defects in plaintiff's building which were hidden and became apparent when the adjacent building was removed, while the subsequent finding related to damages to plaintiff's building which resulted from the negligent manner in which the adjacent building was removed, and therefore the findings are not repugnant and support judgment for the lesser sum.

**3. Damages § 12—**

Where the quantum of damages resulting to plaintiff's building from the negligent manner in which the building on the adjacent lot was demolished is in issue, with evidence as to the value of plaintiff's property before and after the incident complained of and testimony as to the condition of plaintiff's building when purchased and the repairs and improvements subsequently made, it is competent to ask plaintiff on cross-examination as to the price paid for the property by her some eighteen years prior to the institution of the action for the purpose of impeaching plaintiff's testimony as to values.

**4. Appeal and Error § 41—**

Where an expert has testified that the cracks in the wall of plaintiff's building resulted from settling and had existed for many years prior to the negligent act of defendants which further damaged the wall, further testimony by the expert as to the cause of the settling, if incompetent, could not be prejudicial, since the cause of the settling could in no manner relate to the liability of defendants.

**5. Appeal and Error § 40—**

A new trial will not be awarded for mere technical error but only for error which prejudiced appellants' case.

APPEAL by plaintiff Mary G. Davis from *Paul, J.,* April 1961 Term of NEW HANOVER.

This action was begun by C. W. Davis and wife to recover damages assertedly negligently done to their two-story brick building when the building on the adjoining lot owned by defendant Rogers, leased by her to City of Wilmington for use as a parking lot, with authority to demolish her building, was torn down by defendants Ludlum and Tomberlin pursuant to a contract between Wilmington and defendant Ludlum.

The property demolished was purchased by C. W. Davis and wife, Mary G., in 1942 for $5,870. C. W. Davis died subsequent to the institution of, but before trial of, this action.

During the trial it became necessary to withdraw a juror. Thereupon the parties agreed to waive jury trial, agreeing that the court

might find the facts. By agreement, and at the request of all parties, the court inspected the properties and, based on the evidence and his personal inspection, made findings of fact and conclusions of law. So far as material to this appeal the findings are:

"4. That the Davis building is an old building of more than sixty years; that at the time of the lease by the defendant Rogers to the City of Wilmington there was a three-story building on the Rogers property extending from Water Street to a depth some distance beyond the eastern wall of the Davis building. It is apparent on examination of the northern wall of the Davis building and the remaining portion of the southern wall of the Rogers building that when the Rogers' southern wall was constructed, said walls were about as close to each other as they could be built without being one wall; that more than 75 or 80 indentations in the Davis wall appeared; that approximately one-half of these indentations had been bricked in joining or tieing the two walls together."

"6. That the northern wall of the Davis building was of considerable age, in considerable disrepair including two cracks running from the top downward; that the roof of said Davis building had been damaged during one of the hurricanes in 1954, and approximately one-half of said roof or the metal thereon replaced following said hurricane.

"7. That in the demolition of the southern wall of the Rogers building, the defendants Ludlum and Tomberlin used such force, striking said wall with metal weights as to damage the northern wall of the Davis building and the roof to said building . . .

"8. That prior to the demolition of the Rogers building, the defendants Ludlum, Tomberlin and the City of Wilmington knew, or an inspection of the manner and construction and the relationship of the northern wall of the Davis building was such that they could have foreseen either (1) that in the natural course of such demolition, injurious consequences to the Davis wall could be expected unless means were adopted to prevent such consequences, or (2) such work, in the ordinary course of events, would occasion injury or damage to the Davis wall unless precautions were taken in tearing down the Rogers wall; that in the demolition of said Rogers wall such steps and precautions were not taken to prevent injury or damage to the Davis wall; that the defendants Ludlum and Tomberlin did not use due care in the demolition of Said Rogers wall adjacent to the Davis wall, and that such negligence on their part proximately caused damage to the Davis' northern wall.

"9. That the evidence in this case as to the difference in the fair market value of plaintiffs' property before the demolition of the Rogers building and immediately after said demolition is $11,500.00.

"That the estimated cost of a new northern wall to the Davis building is approximately $10,200.00, and estimated cost of a new roof for said building is $997.00.

"The undisputed evidence shows that one-half of the roof to said building is at least 18 years old, and that the other one-half was repaired or replaced in 1954; that the northern wall of said building is more than sixty years of age, no evidence being offered that said wall had ever undergone repairs.

"The Court viewed said building and said wall as closely as a layman could. In viewing said building, the Court also observed the condition of the other walls of said building and observed their deterioration through lapse of more than sixty years.

"10. The plaintiff Mary G. Davis, through the actionable negligence of the defendants, has been damaged in the sum of $3,500.00."

"The Court concludes as a matter of law that the plaintiff Mary G. Davis is entitled to have and recover of the defendants Ludlum, Tomberlin, and the City of Wilmington the sum of $3,500.00."

Based on the findings and conclusions, judgment was entered in plaintiff's favor and against defendants Ludlum, Tomberlin, and Wilmington for the sum of $3,500.

Plaintiff excepted to parts of the findings of fact, the conclusions of law, and appealed.

*Isaac C. Wright and John J. Burney, Jr. for plaintiff appellant.*
*C. D. Hogue, Jr. and Yow and Yow for the City of Wilmington.*
*Elbert A. Brown for H. B. Ludlum.*
*Solomon B. Sternberger for J. V. Tomberlin.*

RODMAN, J.   Plaintiff's assignments of error raise these questions: (1) Are findings of fact 9 and 10 repugnant, thereby making it impossible to base a judgment on the facts found? (2) Was there prejudicial error in the admission of evidence over plaintiff's objections?

A judgment cannot be based on inconsistent and repugnant factual conclusions. It matters not whether the facts are determined by jury verdict or made by the court acting as a jury. 89 C.J.S. 468. When a judgment has been entered on seemingly inconsistent findings of fact, it is the duty of the reviewing court to reconcile the findings and uphold the judgment if practicable. *Bradham v. Robinson*, 236 N.C. 589, 73 S.E. 2d 555. To ascertain if in fact there are conflicting findings, it is the duty of the court to examine the pleadings, the evidence, and the charge, if there be a charge. *Wynne v. Allen*, 245 N.C. 421, 96 S.E. 2d 422.

The complaint states a cause of action based on the way the Rogers

building was removed, not the fact of removal. Plaintiff alleges: "Instead of taking precaution to prevent injury and damages to the wall and building of the plaintiffs, the defendants used great force and violence . . . caused the roof to leak, knocked great holes in the wall of plaintiffs' building, causing same to crack in many places . . ." The complaint states a cause of action for injuries negligently inflicted. The case was tried on that theory. Plaintiff, in stating the questions for consideration by this Court, speaks of "a negligent damage to a brick business building." Finding 8 establishes the negligence of defendants.

A review of the evidence discloses sharp conflict with respect to the extent of the damage done to the roof and the wall by the demolition of the Rogers building. Particularly was this true with respect to two cracks running from the top to the bottom of plaintiff's wall. Did these cracks exist before the demolition of the Rogers building or were they caused by the work then done? Defendants maintain they were not responsible for the weakened condition of plaintiff's wall due to the cracks, because these cracks were caused by settling long prior to the construction of the Rogers building and were in no way related to the removal of that building. A witness for plaintiff testified: "I saw two big cracks from the top to the bottom, and this was before the Rogers building was torn down, and they have been there as long as I have been observing the Davis building." The witness had previously testified that he knew the building many years prior to the demolition of the Rogers building. This witness also testified: "Until the south wall of the Rogers property was torn down it was impossible to have seen the north wall of the Davis property, except from the inside, but, after it was torn away, you could see the condition of the north wall of the Davis property, but not until then."

Defendants would not be liable in damages because the removal of the Rogers building disclosed the decrepit condition of the Davis wall, nor would they be liable for a differing and changed use of the Rogers property so long as that use was a proper and legal use.

The ninth finding is primarily based on the testimony of plaintiff's witness Johnson. He testified that the market value of plaintiff's property before the removal of the Rogers building was $32,000 and $20,500 immediately following the removal. He did not say this diminution in value was due to any negligence of defendants. He testified: "Its (the Davis building) adaptability for what he has been using it for is not the same it was before the construction of the parking lot. The elements are causing quite a bit of damage in the building . . ."

When viewed in the light of the evidence, it is, we think, apparent that the court in finding 9 was dealing with all factors causing a

diminution in value of plaintiff's property, both those resulting from negligence of defendant and those resulting from changed use of the adjacent property and the disclosure of defects hidden and only apparent when the Rogers building was taken away. Those due to the negligence of defendants are compensable. The others are *damnum absque injuria.* The court did not indicate that the difference in value stated in finding 9 was caused by negligence of defendants. It proceeded with the next finding to determine the amount of damages caused by defendants' negligence, and for the damages negligently done it entered judgment in plaintiff's favor.

Plaintiff, without fixing in dollars and cents her estimate of damage tortiously inflicted, had testified to the condition of the building when purchased and the repairs and improvements subsequently made. On cross-examination she said she and her husband purchased in 1942. She was then asked if the purchase price was not $5,000. Plaintiff objected. The objection was overruled. She answered that the purchase price was $5,870. We think the question was competent on cross-examination. A similar conclusion was reached in *Palmer v. Highway Comm.,* 195 N.C. 1, 141 S.E. 338, on a substantially identical factual situation.

Two witnesses having many years of engineering and construction experience testified to the cracks in plaintiff's wall. These witnesses, over plaintiff's objection, expressed their opinion as to the cause of the cracks. The witness Von Oesen testified without objection: "(T)he wall had broken in two places and was showing signs of settlement and the mortar bond between the brick was disintegrated and the mortar itself was coming out of most joints. It had several areas where minor cracks had developed and brick sections had cracked. The wall is fairly plumb, but it had settled towards the river in a longitudinal direction along the line of the wall, and it had two fissures or cracks that were very wide open, and weight deterioration to its entire structurability . . . I have an opinion that the cracks had been in the Davis wall for twenty years or more. This opinion is based on the fact that there is much mortar having fallen into the cracks; that there was soot and rotten wood. There were several places where those cracks had been repaired by brick and cement mortar, and the brick and mortar itself seemed to be twenty or more years of age." After cross-examination by counsel for plaintiff, he was re-examined by counsel for one of the defendants. He then testified: "It is my opinion that the wall is built on an unstable strata of material. We have made special examinations of the soil in this vicinity for a proposed extension of Broadfoot's building, and we found a varying low and very shallow strata of rock. . . . It is my opinion that the

eastern end of the Davis building is bearing on this strata, and the western end on silt deposits near the river and over a period of time you could have a normal settlement which would cause the wall to crack as it has, and to me it is merely the incident of a time settlement." The evidence involving the witness's opinion as to the cause of the cracks was admitted over plaintiff's objection.

This assignment of error does not warrant another trial. The evidence seemingly is, in view of the witness's prior testimony, competent; but if it were not proper to call for opinion as to the cause of settling, the evidence could not be prejudicial since the witness had previously and without objection expressed the opinion that settling had occurred many years prior to the demolition of the Rogers building. If so, the cause of settling could in no manner relate to the liability of defendants. New trials are not awarded because of technical error. The error must be prejudicial. *Parks v. Washington,* 255 N.C. 478; *Jenkins v. Electric Co.,* 254 N.C. 553, 119 S.E. 2d 767; *Mercer v. Mercer,* 253 N.C. 164, 116 S.E. 2d 443. The objection to the evidence of the witness Glazier assigned as error falls in the same category as the Von Oesen testimony, and for the reasons given with respect to that testimony must be held not to warrant a new trial. Upon a review of the record and the assignments of error, we find nothing which would justify awarding a new trial.

No error.