THE REDEVELOPMENT COMMISSION OF WINSTON-SALEM v. S. O. HINKLE AND WIFE, FANNIE M. HINKLE.

(Filed 30 October 1963.)

1. **Eminent Domain § 6—**

Whether the price the owner paid for the property has any probative force in determining its value in condemnation proceedings is dependant upon the similarity of conditions at the time of purchase and at the time

of the inquiry, and when the evidence discloses the elapse of some ten years between the two dates and material changes in the property by enlargements and additions to buildings by the owner, the exclusion of evidence tending to show the price the owner paid for the property will not be held for error.

**2. Eminent Domain § 5—**

An instruction that just compensation must be full and complete and that respondent is entitled to be put in as good position pecuniarily as if the property had not been taken will not be held for error when the charge, construed contextually, makes clear that just compensation is the fair market value of the property as thereafter correctly defined by the court.

APPEAL by petitioner from *Johnston, J.,* July 8, 1963 Session of FORSYTH.

Petitioner, having the power of eminent domain, took possession of two tracts of land purchased by defendants in 1952. It instituted this action in 1962 to ascertain the amount it was required to pay for the property taken. Commissioners were appointed. They fixed defendants' damage at $37,000. The clerk ordered that sum paid. Petitioner and defendants excepted and appealed.

The jury in the Superior Court fixed the value of the property taken at $47,000. Judgment was entered on the verdict. Petitioner, having noted exceptions, appealed.

*Weston P. Hatfield and C. Edwin Allman, Jr., for petitioner appellant.*

*Deal, Hutchins and Minor by Fred S. Hutchins for respondent appellees.*

PER CURIAM. Petitioner offered in evidence deeds conveying the property to defendants. When the evidence was offered, counsel for petitioner, in response to an inquiry by the court as to the purpose for which the evidence was offered, said "for the purpose of showing from the stamps thereon what the respondents paid for the property." The court excluded the evidence. True, as argued by petitioner, the amount voluntarily paid by a purchaser is some evidence of value at that time. *Palmer v. Highway Comm.,* 195 N.C. 1, 141 S.E. 338. Its probative value at a later date depends upon similarity of conditions at the time of purchase and at the time of inquiry. Here nearly ten years had elapsed between the purchase and the time defendants were forced to sell. No evidence was offered tending to show similarity of conditions at the different times. To the contrary, petitioner's evidence shows some

enlargement and additions to the buildings made by defendants subsequent to their purchase. The exclusion of the evidence for the purpose offered was not erroneous.

The court charged the jury: "When private property is taken for public use, JUST COMPENSATION must be paid . . . . (The compensation must be full and complete and include everything which affects the value of the property that is taken and in relation to the property that is taken the respondent is entitled to be put in as good position pecuniarily, or monetarily speaking, as if the property had not been taken . . . .) Now, Members of the Jury, you are going to want to know what is meant by the term JUST COMPENSATION, just announced to you, and the Court instructs you that the FAIR MARKET VALUE of property is the yardstick by which compensation for the taking of the property is to be measured. FAIR MARKET VALUE is the price it will bring when it is offered for sale by one who desires but is not obliged to sell it and is bought by one who desires to purchase it but is under no necessity of having it."

Petitioner assigns as error that portion of the charge included in parenthesis. When the charge is read as a whole it is manifest the jury could not have misunderstood that this was but another way of saying to the jury that the condemnor would have to pay the fair market value as fair market value was defined by the court. The portion of the charge here assigned as error was likewise challenged in *Williams v. State Highway Comm.*, 252 N.C. 514, 114 S.E. 2d 340. It was there approved. Seemingly the language challenged had its origin in the opinion written by Mr. Justice Butler in *Olson v. U. S.*, 292 U.S. 246, 78 L. Ed. 1236. It was recently quoted approvingly by Mr. Justice Stewart in *U. S. v. Va. Electric & Power Co.*, 365 U.S. 624, 5 L. Ed. 2d 838. This assignment is not sustained.

We have examined the other assignments of error. We find nothing which would justify a new trial.

No error.