DUKE POWER COMPANY, PETITIONER v. GERA P. SYKES AND WIFE, RUBY E. SYKES, RESPONDENTS.

(Filed 12 June 1964.)

APPEAL by petitioner from *Hall, J.,* January 1964 Civil Session of ORANGE.

Petitioner appeals from a judgment imposing liability for the amount fixed by a jury as fair compensation for easements acquired in the construction of petitioner's electric transmission line from Jamestown to Eno.

*William I. Ward, Jr., Carl Horn, Jr., Sawyer & Loftin and Graham & Levings for petitioner appellant.*
*Bryant, Lipton, Bryant & Battle for respondent appellees.*

PER CURIAM. All of the assignments of error are directed to this question: What is the rule which a jury should use when determining the compensation a public service corporation must pay when it takes an easement in the property of another? The rule was concisely stated in *Proctor v. Highway Commission,* 230 N.C. 687, 55 S.E. 2d 479. The rule there stated has been reiterated in many subsequent cases. 2 N.C. Index 203, n. 64. Tersely stated, the gauge for measurement is the difference in market value before and after the taking. The court so instructed the jury.

Petitioner does not assign as error the rule as given. It merely contends the jury might have misunderstood and used a rule of measurement more favorable to defendants. When the charge is considered as an entirety, rather than as detached sentences, it is, in our opinion, in-

conceivable that a jury should have misunderstood. Petitioner has not shown prejudicial error. *Redevelopment Commission v. Hinkle,* 260 N.C. 423, 132 S.E. 2d 761.

No error.