NORTHGATE SHOPPING CENTER, INC., PETITIONER v. STATE HIGHWAY COMMISSION, RESPONDENT.

(Filed 23 July, 1965.)

1. **Eminent Domain § 6—**

In an action to recover compensation for land taken by eminent domain, whether the purchase price paid by plaintiff is competent in evidence on the question of value must be determined in accordance with whether, under all the circumstances, including the time elapsing between the purchase and the taking, physical changes in the property taken, changes in its availability for valuable uses, and changes in the use of property in the vicinity which might affect the value, the purchase price fairly points to the value of the property at the time of the taking.

2. **Eminent Domain § 5—**

In determining the value of property taken by eminent domain, it is permissible for the jury to take into consideration the reasonable probability of a change in the zoning ordinance regulating the property or the issuance of a permit for a nonconforming use.

**3. Eminent Domain § 6—  Testimony of price paid by plaintiff for tract condemned held competent under facts of this case.**

Plaintiff was the owner of a 30-acre tract and a 4.6-acre tract. The 30-acre tract was rezoned for a shopping center. Defendant took by eminent domain .79 acre from the 30-acre tract and 3.94 acres from the 4.6-acre tract. *Held:* It was not prejudicial error to admit testimony of the price paid by plaintiff for the 4.6-acre tract nineteen months prior to the appropriation, there being no physical changes in the property during this interval nor evidence of extensive development or change in the neighborhood, since the change in the rezoning of the 30-acre tract is insufficient in itself to render the evidence incompetent as a guide to value, it being evident from the record that the jury considered the factors augmenting the value of the 4.6-acre tract when added to the 30-acre tract.

**4. Trial § 33—**

Inadvertence in stating the evidence must be called to the trial court's attention in apt time.

**5. Appeal and Error § 42—**

An inadvertence in the instructions will not be held for prejudicial error when the inadvertence relates to a minor discrepancy in stating the evidence and it is apparent from the record that such inadvertence could not have affected the result.

APPEAL by petitioner from *May, S. J.,* December 8, 1964, Civil Session of DURHAM.

This is a proceeding under authority of G.S. 136-19, prosecuted in accordance with the directives of G.S., Ch. 40, to recover for the taking by respondent of 4.73 acres of land for highway purposes.

The property is located in the City of Durham and was taken for use in the construction of Project 8.14107 (grading) and Project 8.14108 (paving, etc.); an intersection connecting U. S. Highway 70 Bypass (now Interstate 85) with Gregson Street. The date of taking was 7 November 1958. Commissioners were appointed and filed their award on 28 April 1964. The Clerk of Superior Court affirmed the award over the objection of both parties. Petitioner and respondent excepted and appealed. The cause came on for trial before May, S. J., and a jury; there was a verdict and judgment awarding petitioner $21,000 damages. Petitioner appeals.

*Attorney General Bruton, Assistant Attorney General Harrison Lewis, Trial Attorney William W. Melvin, and Brooks and Brooks for Respondent.*

*Powe & Potter by E. K. Powe and Oliver W. Alphin for Petitioner.*

MOORE, J. The principal assignment of error relates to the admission of certain evidence over petitioner's objection.

Prior to 9 April 1957, Northland Investment Company, a corporation (hereinafter "Northland"), had acquired a tract of land containing about 30 acres (the exact acreage is not clear, but hereinafter this land will be referred to as the 30-acre tract). This tract was bounded on the north by Highway 70 Bypass, on the west by Watts Street, on the south by Club Boulevard, and on the east by Gregson Street. Neither Watts nor Gregson Street extended to or intersected 70 Bypass. On 9 April 1957 Northland purchased from the Bertha M. Aldridge estate a 4.6-acre tract adjoining the eastern boundary of the 30-acre tract. At that time the 30-acre tract was zoned "office and institutional," the 4.6-acre tract was zoned "residential." In November 1957 the zoning classification of the 30-acre tract was changed to "shopping center." About the same time the corporate name of Northland was changed to Northgate Shopping Center, Inc. The 4.6-acre tract was not rezoned. On 7 November 1958, 4.73 acres of petitioner's land was taken by respondent for highway purposes to the end that Gregson Street be extended and connected to 70 Bypass. Of the 4.73 acres taken, 3.94 acres were from the 4.6-acre tract, and 0.79 acre from the 30-acre tract.

During the course of the cross-examination of Mr. York, an officer of petitioner, he was asked to state the price Northland had paid for the 4.6-acre tract. Over the objection of petitioner, he was permitted to answer, $12,000.

Before allowing the testimony the court, in the absence of the jury, heard evidence as a basis for determining the admissibility of the testimony. This was proper. *Barnes v. Highway Commission,* 250 N.C. 378, 394, 109 S.E. 2d 219.

The rule governing the competency and admissibility of evidence of purchase price paid by a condemnee for land later appropriated for public use, in a proceeding to recover damages for the taking, is stated in *Highway Commission v. Coggins,* 262 N.C. 25, 29, 136 S.E. 2d 265, thus:

> " 'It is accepted law that when land is taken in the exercise of eminent domain, it is competent as evidence of market value to show the price at which it was bought if the sale was voluntary and not too remote in point of time.' *Palmer v. Highway Commission,* 195 N.C. 1, 141 S.E. 338. When land is taken by condemnation evidence of its value within a reasonable time before the taking is competent on the question of its value at the time of the taking. But such evidence must relate to its value sufficiently near the time of taking as to have a reasonable tendency to show its value at the time of its taking. The reasonableness of the time is dependent upon the nature of the property, its location, and the sur-

rounding circumstances, the criterion being whether the evidence fairly points to the value of the property at the time in question. *Highway Commission v. Hartley,* 218 N.C. 438, 11 S.E. 2d 314."

In determining whether such evidence is admissible, the inquiry is whether, under all the circumstances, the purchase price fairly points to the value of the property at the time of the taking. Some of the circumstances to be considered are the changes, if any, which have occurred between the time of purchase by condemnee and the time of taking by condemnor, including physical changes in the property taken, changes in its availability for valuable uses, and changes in the vicinity of the property which might have affected its value. The fact that some changes have taken place does not *per se* render the evidence incompetent. But if the changes have been so extensive that the purchase price does not reasonably point to, or furnish a fair criterion for determining, value at the time of the taking, when purchase price is considered with other evidence affecting value, the evidence of purchase price should be excluded. *Highway Commission v. Coggins, supra; Redevelopment Commission v. Hinkle,* 260 N.C. 423, 132 S.E. 2d 761; *Highway Commission v. Hartley, supra;* 18 Am. Jur., Eminent Domain, § 351, pp. 994-5.

The 4.6-acre tract was purchased by petitioner 19 months before the appropriation by respondent. There had been no physical change in the property during this interval, and at the time of the taking it was still zoned "residential." The 30-acre tract had been rezoned "shopping center." There is no evidence of extensive development or change in the neighborhood. The record is silent as to any developments of or changes in the 30-acre tract.

Petitioner contends that there were changes so significant that purchase price could not reasonably point to value at the time of taking, and that the admission of this evidence was highly prejudicial. Petitioner points to these facts and contentions: Before the tract was purchased it was "landlocked" and had no access to streets or other public ways. After the purchase it became a part of petitioner's over-all holdings and had access to streets through the 30-acre tract. When the 30-acre tract was zoned "shopping center," the 4.6 acre tract had availability for use as a parking area. There was testimony that a permit to use this tract for parking, a non-conforming use, could have been obtained, though no application had been made for such permit.

Circumstances making property available for a more valuable use would, of course, be a change affecting value. And in determining value it is permissible for the jury to take into consideration the reasonable probability of a change in the zoning ordinance or of a permit for a

non-conforming use. *Barnes v. Highway Commission, supra,* at page 391. However, the so-called changes pointed out by petitioner are not, in consideration of this record as a whole, sufficient to render evidence of purchase price incompetent and of no reasonable probative value. Petitioner paid $12,000 for the Aldridge property; the jury awarded $21,000 damages. It is obvious that the jury considered the other factors affecting value as well as the evidence of purchase price of the Aldridge tract. The assignment of error is not sustained.

As stated above, a portion of the land appropriated by the Highway Commission was derived from the 30-acre tract. 4.73 acres were taken; 3.94 acres from the 4.6-acre tract and 0.79 from the 30-acre tract. This information is taken from a map, respondent's Exhibit 1; all other evidence is unclear on this point. Petitioner makes much of the fact the property appropriated is not exactly coextensive with the property purchased for $12,000, both in its challenge to the competency of the purchase price evidence and its exceptions to the charge.

Petitioner assigns as error a statement in the charge, when the judge was recapitulating the evidence, that "petitioner paid $12,000 for the property in question," contending that the statement left the impression that this was the basic valuation of all of the property and ignored the fact that part of the property taken was zoned "shopping center." We do not agree that the statement necessarily left the impression as contended for by petitioner. Furthermore, the court later charged as a matter of law that "The jury should take into consideration, in arriving at the fair market value of the portion of the land taken, all of the capabilities of the property and all of the uses to which it could have been applied or for which it was adapted which affects its value in the market, and not merely . . . the use to which it was then applied by the owner." Moreover, objection to the trial court's review of the evidence must be called to the court's attention in apt time. *Millikan v. Simmons,* 244 N.C. 195, 93 S.E. 2d 59. There is no evidence in the record, other than difference in zoning classification, that the part taken from the 30-acre tract was more valuable than that taken from the 4.6-acre tract. The maps show that the part taken from the 30-acre tract consists of a narrow strip, 0.22 acres, extending along the northern edge of the right of way of 70 Bypass and a triangular piece, 0.57 acre, abutting the southern edge of the right of way of 70 Bypass and the western line of the 4.6-acre tract. There is no evidence as to the actual use, condition or value of these areas. They are relatively so small that the fact they were not derived from the 4.6-acre tract does not render the evidence of the purchase price of the 4.6-acre tract inadmissible. Nor was the charge, considered as a whole, erroneous in relation to this aspect of the case in view of the paucity of evi-

dence as to the value of these small areas and in the absence of a request for special instructions. *King v. Powell*, 252 N.C. 506, 114 S.E. 2d 265. In reviewing the evidence the court gave petitioner the full benefit of all of its evidence and contentions, especially with respect to zoning classifications and change of conditions. It also stated petitioner's contention that the construction of the highway conferred little or no benefit.

In the trial below we find no error sufficiently prejudicial to warrant a new trial.

No error.