DUKE POWER COMPANY v. DAN R. BUSICK AND WIFE, RUBY C. BUSICK, N. D. McNAIRY, TRUSTEE FOR GRAHAM PRODUCTION CREDIT ASSOCIATION, AND GRAHAM PRODUCTION CREDIT ASSOCIATION

No. 7418SC691

(Filed 16 October 1974)

1. Eminent Domain § 7— maps — admissibility for illustration

The trial court in a proceeding to condemn an easement did not err in admitting evidence from certain maps where the court adequately instructed the jury as to inaccuracies in the maps and told the jury that the maps were introduced solely for the purpose of illustrating testimony of the witnesses.

2. Eminent Domain § 6— land value — difference between time of purchase and time of condemnation

In a proceeding to condemn an easement over respondents' land, finding by the trial judge that there had been a significant change in

the value of the land in the area between the time respondents purchased their parcel and petitioner sought to condemn the easement because of zoning changes was not supported by the evidence, and the trial court erred in disallowing evidence showing what respondents paid for the parcel not more than fifteen months before the date of the taking.

3. **Eminent Domain § 6; Trial § 10— land value — expression of opinion by trial judge**

Trial court's colloquy with a witness whose qualifications to testify as to the value of the land in question were minimal strengthened the witness's opinion as to the damage to respondents' land to the prejudice of petitioner.

APPEAL by petitioner from *Kivett, Judge,* 4 February 1974 Session of Superior Court held in GUILFORD County.

This special proceeding was instituted by petitioner to condemn an easement across a 112-acre tract of land belonging to respondents in Monroe Township, Guilford County. All issues raised by the pleadings were determined by consent order except the issue of just compensation to respondents.

At trial, respondents presented evidence tending to show damage between $78,643 and $82,720. Petitioner presented evidence tending to show damage between $15,275 and $16,300. A jury assessed the damage at $46,000, and from judgment predicated on the verdict, petitioner appealed.

*Adams, Kleemeier, Hagan, Hannah & Fouts, by M. Jay DeVaney, for petitioner appellant.*

*Dees, Johnson, Tart, Giles & Tedder, by Charles R. Tedder, for defendant appellees.*

BRITT, Judge.

[1] By its first and second assignments of error, petitioner contends the trial court erred in admitting evidence from certain maps, contending, among other things, that the maps were inaccurate and not properly authenticated. We find no merit in these assignments. The trial judge adequately instructed the jury as to inaccuracies in the map and that the maps were introduced solely for the purpose of illustrating testimony of the witnesses.

[2] By its assignments of error three and four, petitioner contends that the court erred in denying petitioner the right to cross-examine respondent landowner with regard to the purchase

price of a portion of the land included in the 112-acre tract. We think this contention has merit.

In *Shopping Center v. Highway Commission*, 265 N.C. 209, 211, 212, 143 S.E. 2d 244 (1965), we find:

> The rule governing the competency and admissibility of evidence of purchase price paid by a condemnee for land later appropriated for public use, in a proceeding to recover damages for the taking, is stated in *Highway Commission v. Coggins*, 262 N.C. 25, 29, 136 S.E. 2d 265, thus:

> " 'It is accepted law that when land is taken in the exercise of eminent domain, it is competent as evidence of market value to show the price at which it was bought if the sale was voluntary and not too remote in point of time.' *Palmer v. Highway Commission*, 195 N.C. 1, 141 S.E. 338. When land is taken by condemnation evidence of its value within a reasonable time before the taking is competent on the question of its value at the time of the taking. But such evidence must relate to its value sufficiently near the time of taking as to have a reasonable tendency to show its value at the time of its taking. The reasonableness of the time is dependent upon the nature of the property, its location, and the surrounding circumstances, the criterion being whether the evidence fairly points to the value of the property at the time in question. *Highway Commission v. Hartley*, 218 N.C. 438, 11 S.E. 2d 314."

> In determining whether such evidence is admissible, the inquiry is whether, under all the circumstances, the purchase price fairly points to the value of the property at the time of the taking. Some of the circumstances to be considered are the changes, if any, which have occurred between the time of purchase by condemnee and the time of taking by condemnor, including physical changes in the property taken, changes in its availability for valuable uses, and changes in the vicinity of the property which might have affected its value. The fact that some changes have taken place does not *per se* render the evidence incompetent. But if the changes have been so extensive that the purchase price does not reasonably point to, or furnish a fair criterion for determining, value at the time of the taking, when purchase price is considered with other evidence affecting value, the evidence of purchase price should be excluded. *Highway*

*Commission v. Coggins, supra; Redevelopment Commission v. Hinkle,* 260 N.C. 423, 132 S.E. 2d 761; *Highway Commission v. Hartley, supra;* 18 Am. Jur., Eminent Domain, § 351, pp. 994-5.

The undisputed evidence, including maps, tended to show: the 112-acre tract of land involved in this cause is located in rural Guilford County, not far from the City of Greensboro. Approximately 79 acres of the land lie on the south side of Hicone Road and the remaining 33 acres lie on the north side of that road. The portion north of Hicone Road consists of two parcels, the parcel bordering Hicone Road containing 17.9 acres and the parcel immediately north of it containing 15.12 acres. County Road 2790, which runs northwardly from Hicone Road, is the eastern boundary of the 17.9-acre parcel; said road is also the eastern boundary of the 15.12-acre parcel except for a small strip that extends to the east of the road. The strip of land over which petitioner seeks a right-of-way is 150 feet wide and contains 9.22 acres; it completely crosses the western portion of respondents' land located south of Hicone Road and crosses the southwestern corner of their land located north of Hicone Road.

On cross-examination of respondent Dan R. Busick, petitioner attempted to show that the Busicks purchased their 15.12-acre parcel in August of 1971 for $17,500. The stipulated date of taking was 1 November 1972. In the absence of the jury, the trial judge conducted a hearing to determine if there had been a significant change in the value of land in the area between August of 1971 and 1 November 1972. Following the hearing, the trial judge found that there had been significant changes in that: (1) after August of 1971, the 15.12-acre parcel, together with a portion of the remainder of the 112-acre tract, were rezoned from A-1 to R-20S, resulting in all of the 112 acres being R-20S; (2) between August of 1971 and 1 November 1972, a construction company acquired ten building lots on the east side of County Road 2790 north of Hicone Road and began construction of approximately seven dwellings; and (3) between said dates, and in the vicinity of the 112-acre tract, "various homes were being constructed along the roads located in that area."

We note that a substantial portion of the 112-acre tract exclusive of the 15.12-acre parcel was rezoned from A-1 to R-20S prior to August of 1971. We also note that the substantial difference between A-1 and R-20S classifications is that in A-1 areas,

one dwelling per acre is allowed and in R-20S areas, one dwelling per 20,000 square feet (slightly less than one-half acre) is allowed. Considering all the facts appearing, we hold that the findings of the trial judge did not justify disallowance of evidence showing what respondents Busick paid for the 15.12-acre parcel not more than fifteen months before the date of taking. Assignments of error three and four are sustained.

[3] By its assignment of error six, petitioner contends the trial judge expressed an opinion on the facts in evidence in violation of G.S. 1A-1, Rule 51(a). We think this assignment has merit.

Respondents presented Fred R. Patterson as a witness to show the value of the 112-acre tract before and after the taking. In the early part of his testimony, Mr. Patterson testifed that while he was not familiar with the specific property on or before 1 November 1972, he was "familiar with the area in general"; that he went on the property first in January of 1973. Thereafter, the record discloses the following:

COURT: Mr. Patterson, you said you didn't go there until 1973. But did you take into consideration that your responsibility was to arrive at a fair market value of this land, not as of the date you went there, but as of the date of November 1, 1972?

WITNESS: I did.

COURT: You allowed for changes after November 1, 1972?

WITNESS: I did.

COURT: And arrived at the value that you placed on it in 1973 for its value as of November 1, 1972?

WITNESS: Yes, sir.

COURT: Rephrase your question.

Shortly thereafter, on voir dire in the absence of the jury, Mr. Patterson stated that it was January of 1974 rather than January of 1973 that he first went on the subject property.

We think the colloquy between the trial judge and the witness set out above is analogous to that held to be reversible error in *In re Will of Bartlett*, 235 N.C. 489, 493, 70 S.E. 2d 482, 488 (1952). We quote from the opinion by Justice Ervin (page 493) : "A trial judge has undoubted power to interrogate

a witness for the pupose of clarifying matters material to the issues. *S. v. Horne*, 171 N.C. 787, 88 S.E. 433; *Eekhout v. Cole*, 135 N.C. 583, 47 S.E. 655. He should exercise such power with caution, however, lest his questions, or his manner of asking them, reveal to the jury his opinion on the facts in evidence and thus throw the weight of his high office to the one side or the other. . . . "

The qualifications of Mr. Patterson to testify as to the value of the land in question immediately before and immediately after the taking were, at best, minimal. We think his opinion that respondents' land was damaged approximately $78,643 was strengthened by his colloquy with the trial judge to the prejudice of petitioner. The assignment of error is sustained.

We hold that the assignments of error which we have sustained were sufficiently prejudicial to petitioner to warrant a new trial. We refrain from discussing the other assignments of error argued in petitioner's brief as the questions presented by them probably will not arise at a retrial of the cause.

New trial.

Judges HEDRICK and BALEY concur.