GEORGE S. HEATH v. DAVID F. MOSLEY AND EUNICE C. MOSLEY

No. 21

(Filed 26 November 1974)

1. **Damages § 4 — injury to personal property — measure of damages**
   The measure of damages for injury to personal property is the difference between its fair market value immediately before and immediately after the injury.

2. **Damages § 13 — price paid by purchaser as evidence of value**
   The price voluntarily paid by a purchaser is some evidence of market value if the sale is not too remote and the purchase price is probative of the value of the property at the time in question.

3. **Damages § 13 — boat purchased at government surplus sale — competency of purchase price**
   In an action to recover damages for injury to a boat owned by plaintiff, evidence of the purchase price of the boat was not rendered incompetent by remoteness or by extensive changes in its condition where the evidence tended to show that plaintiff purchased the boat fourteen months before the accident at a government surplus sale in Charleston, S. C., the boat was tested in the water for three days and then towed to Charlotte, N. C., where it was placed on a wooden cradle in plaintiff's driveway, and the boat was roughly in the same condition at the time of the accident as it was at the time plaintiff purchased it.

4. **Damages § 13 — government surplus sale — no compulsory sale — price paid for boat competent evidence**
   In an action to recover damages for injury to plaintiff's boat which he had purchased at a government surplus sale, the amount which plaintiff bid and paid for his boat was competent since the government was under no compulsion to sell.

   Chief Justice BOBBITT not sitting.

DEFENDANTS appeal from decision of the Court of Appeals, 21 N.C. App. 245, 204 S.E. 2d 234 (1974), upholding judgment

of·*Johnson, J.*, 22 October 1973 Session, MECKLENBURG District Court.

This is an action to recover damages for injury to a boat owned by plaintiff.

Plaintiff's evidence tends to show that in September 1967 he purchased a 26-foot diesel-powered work boat from the United States Department of Defense at a government surplus sale in Charleston, South Carolina. The boat was purchased upon a sealed bid and then hauled to Southport, North Carolina, where it was tested in the water for three days and thereafter towed to Charlotte. Plaintiff unloaded the boat upon a wooden cradle he had built for it at the end of his driveway. From September 1967 to 15 November 1968 plaintiff and his son worked on the boat intermittently, cleaning the engine, stripping off the old paint, and performing other minor repairs.

On 15 November 1968 a car owned by defendant Eunice C. Mosley and operated by defendant David F. Mosley collided with the stern of the boat and knocked it forward on the cradle on which it rested. The rudder, pintle housing, stern post, gudgeon arm, gudgeon block, a garboard plank, and perhaps other parts were broken. Without objection, plaintiff testified that the fair market value of his boat immediately before the accident was $3,500.00 to $4,000.00 and immediately after the accident was $600.00. He stated that the cost of materials to make proper repairs would total $1,753.00 and that the total cost of repairs would exceed the value of the boat.

· On cross-examination plaintiff was asked the price he had paid for the boat and the court sustained the plaintiff's objection. Had plaintiff been permitted to answer, he would have testified that he paid $287.75 for the boat when his sealed bid in that amount was accepted by the government.

Defendants offered no evidence.

The jury awarded plaintiff $2,000.00 damages and judgment was entered accordingly. Defendants appealed, and the Court of Appeals found no error, Campbell, J., dissenting. Defendants appealed to the Supreme Court as of right under G.S. 7A-30(2) assigning errors discussed in the opinion.

*James P. Crews of the firm Carpenter, Golding, Crews & Meekins, for defendant appellants.*

*Parker Whedon for plaintiff appellee.*

HUSKINS, Justice.

The sole question presented is whether, for impeachment purposes and as substantive evidence bearing on the fair market value of the boat immediately before the accident, defendants are entitled to show the amount plaintiff paid for his boat.

[1] The measure of damages for injury to personal property is the difference between its fair market value immediately before and immediately after the injury. *Roberts v. Freight Carriers,* 273 N.C. 600, 160 S.E. 2d 712 (1968); *Givens v. Sellars,* 273 N.C. 44, 159 S.E. 2d 530 (1968); *Simrel v. Meeler,* 238 N.C. 668, 78 S.E. 766 (1953); *Guaranty Co. v. Motor Express,* 220 N.C. 721, 18 S.E. 2d 116 (1942); *Farrall v. Garage Co.,* 179 N.C. 389, 102 S.E. 617 (1920).

[2] It is an accepted rule of law that the price voluntarily paid by a purchaser is some evidence of market value if the sale is not too remote and the purchase price is probative of the value of the property at the time in question. Whether the purchase involves realty or personalty is immaterial. *Highway Commission v. Nuckles,* 271 N.C. 1, 155 S.E. 2d 772 (1967); *Shopping Center v. Highway Commission,* 265 N.C. 209, 143 S.E. 2d 244 (1965); *Highway Commission v. Coggins,* 262 N.C. 25, 136 S.E. 2d 265 (1964); *Redevelopment Commission v. Hinkle,* 260 N.C. 423, 132 S.E. 2d 761 (1963); *Palmer v. Highway Commission,* 195 N.C. 1, 141 S.E. 338 (1928); *Potts v. Motor Co.,* 191 N.C. 821, 131 S.E. 739 (1926) (see Southeastern cite for complete report of this case); *Wilson v. Scarboro,* 169 N.C. 654, 86 S.E. 611 (1915), *petition for rehearing denied,* 171 N.C. 606, 88 S.E. 872 (1916); *Boggan v. Horne,* 97 N.C. 268, 2 S.E. 224 (1887); *Small v. Pool,* 30 N.C. 47 (1847). The probative value of evidence of purchase price depends upon similarity of conditions at time of purchase and time of injury. *Shopping Center v. Highway Commission, supra; Redevelopment Commission v. Hinkle, supra.*

Here, plaintiff contends that evidence of purchase price was properly excluded because the remoteness and nature of the sale at which he purchased the boat rendered the evidence incompetent. In support of this contention he notes that the purchase was made at a "bargain day" government surplus sale in another state two hundred miles from Charlotte and fourteen months prior to the injury. He further asserts that the boat had undergone some repairs from time of purchase to time of the accident.

Heath v. Mosley

The fact that plaintiff purchased the boat fourteen months before the accident is insufficient, standing alone, to require exclusion of the purchase price on the ground of remoteness. In *Palmer v. Highway Commission, supra,* this Court held that evidence of the price paid for property eighteen years before the taking was competent and was properly admitted on cross-examination in an eminent domain proceeding "to test the accuracy of the opinion of the witness as to the value of the property as well as to demonstrate the basis of his opinion as to the value thereof." *Compare Peele v. Hartsell,* 258 N.C. 680, 129 S.E. 2d 97 (1963), where testimony as to the value of a house trailer three years after it had been damaged and after repairs had been made or attempted and after the trailer had been moved several times was excluded as too remote to throw any light on the difference in the value of the trailer immediately before and immediately after its injury.

In *Shopping Center v. Highway Commission,* 265 N.C. 209, 143 S.E. 2d 244 (1965), the rule governing the competency and the admissibility of evidence of purchase price, and the effect of remoteness and changes in the character of the property, is articulated by Justice Moore, speaking for the Court, as follows:

"In determining whether such evidence is admissible, the inquiry is whether, under all the circumstances, the purchase price fairly points to the value of the property at the time of the taking. Some of the circumstances to be considered are the changes, if any, which have occurred between the time of purchase by condemnee and the time of taking of condemnor, including physical changes in the property taken, changes in its availability for valuable uses, and changes in the vicinity of the property which might have affected its value. The fact that some changes have taken place does not *per se* render the evidence incompetent. But if the changes have been so extensive that the purchase price does not reasonably point to, or furnish a fair criterion for determining, value at the time of taking, when purchase price is considered with other evidence affecting value, the evidence of purchase price should be excluded."

[3] Applying the foregoing principles to the case before us, we hold that evidence of the purchase price of plaintiff's boat was not rendered incompetent by remoteness or by extensive

changes in its condition. On direct examination plaintiff testi-fied that about one fourth of one side of the boat had been stripped of paint and that he had done no other work on the boat before its damage except cleaning the engine "a little bit." On cross-examination he testified that "about ten percent of the total paint . . . had been stripped off" prior to the accident. He further testified that nothing else had been done to it. "The boat was roughly in the same condition after it had been at my house for about a year as it was when I bought it except for whatever weathering that had taken place during that year."

The fact that the sale took place in Charleston, South Caro-lina, does little to strengthen plaintiff's contention of remote-ness. The record discloses no reason why the fair market value of the boat in Charlotte was different from its fair market value in Charleston. To the contrary, it appears that the market for such boats covers a wide geographic area, and plaintiff testi-fied he examined boats in Key West, Savannah, Pawtucket and Patuxent Naval Air Station before purchasing the boat in Charleston. Plaintiff's testimony tends to show that he finally bid on the boat in Charleston because it was in good condition, not because he thought he could get a better price there.

Plaintiff's final argument for excluding the evidence is that the price paid for property at a government surplus sale, conducted on a sealed bid basis with an open invitation for bids, is not indicative of market value. He contends the government was under some compulsion to dispose of surplus property at any price obtainable and that the sale price under those circum-stances is incompetent on the question of actual market value.

[4]  This contention has no merit. Market value is defined as the price property will bring "when it is offered by one who desires, but is not compelled to sell it, and is purchased by one who is under no necessity to buy it." *Light Co. v. Sloan,* 227 N.C. 151, 41 S.E. 2d 361 (1947). We have held the price ob-tained at an auction of property seized in claim and delivery made within a reasonable time after seizure of the property is competent evidence of its value at the time of the taking. *Imple-ment Co. v. McLamb,* 252 N.C. 760, 114 S.E. 2d 668 (1960). *See* 29 Am. Jur. 2d, *Evidence* § 389 (1967). By like reasoning we hold that the government was under no compulsion to sell as would render incompetent the amount which plaintiff bid and paid for his boat. Innumerable judicial sales are conducted each year to settle estates, to foreclose security interests, to par-

tition property, and for other similar purposes. Such sales are not involuntary merely because they are conducted by order of the court. Nor is a government surplus sale involuntary or coerced merely because the government desires to dispose of property it no longer needs.

The price plaintiff paid for his boat is some evidence of his opinion of its value at the time of purchase and some evidence of its fair market value at the time of the accident. Stansbury, North Carolina Evidence §§ 100 & 128 (2d ed. 1963). The price paid is also admissible on cross-examination to test the accuracy of plaintiff's opinion at the trial that the boat was worth $3,500.00 to $4,000.00 immediately before the accident. *Davis v. Ludlum,* 255 N.C. 663, 122 S.E. 2d 500 (1961) ; *Palmer v. Highway Commission, supra.* Plaintiff's reluctance to have the purchase price before the jury is understandable. Even so, nothing appears which would render the evidence inadmissible. He will have ample opportunity to explain to the jury the nature of the government sale, the fair market value of the boat, and any benefit of bargain he claims. If he bought a bargain he, not the defendants, is entitled to the benefit of it.

For the reasons stated the decision of the Court of Appeals is reversed. The case is remanded to that court for entry of an order awarding defendants a new trial in accord with this opinion.

Reversed and remanded.

Chief Justice BOBBITT not sitting.