STATE HIGHWAY COMMISSION v. W. N. LANE AND WIFE, MADGE M. LANE

No. 6929SC252

(Filed 23 July 1969)

Eminent Domain § 6;    Witnesses § 8— highway condemnation action — cross-examination of landowner as to price paid for land

In this highway condemnation proceeding, cross-examination of the landowner as to what he paid for the property was competent to test the witness' memory where he had testified that he had known the property all his life and testified as to the condition of the soil on the property.

APPEAL by defendants from *McLean, J.,* 13 January 1969 Civil Session of Superior Court of RUTHERFORD County.

Defendants were the owners of a 15.9-acre tract of land near Forest City, North Carolina. Part of the land was located within

the city limits of Forest City, and part was outside the city limits. In August 1967, the plaintiff took 6.44 acres of the defendants' tract making a deposit with the Clerk of the Rutherford Superior Court in the amount of $4,320.00 as its estimate of just compensation for the taking. On 18 September 1968 the parties entered into a consent order which settled all issues except that of damages. At the trial the defendants introduced evidence which tended to show damages in amounts varying from $11,633.00 to $12,030.00. The plaintiff introduced evidence tending to show damages in amounts varying from $1,700.00 to $2,924.00. The issue of damages was submitted to the jury who answered the issue in the amount of $3,750.00. From the judgment entered in accordance with the verdict, the defendants appeal to the Court of Appeals assigning as error the trial court's admission into evidence of the price which defendants paid for the original tract.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis and Trial Attorney I. B. Hudson, Jr., for plaintiff appellee.*

*J. Nat Hamrick for defendant appellants.*

MALLARD, C.J.

Defendants' only assignment of error is to the cross-examination of W. N. Lane when the following occurred:

"Q. What did you pay for the property when you bought it in January, 1961?

MR. HAMRICK: Objection.

COURT: Overruled. Exception.

A. I gave $2,500.00 for it and sold my house to buy it.

MR. HAMRICK: Motion to strike

THE COURT: Motion to strike denied. Exception."

The defendants' objection to the question propounded by the plaintiff was a general objection.

"A general objection, if overruled, is no good, unless, on the face of the evidence, there is no purpose whatever for which it could have been admissible. * * *

Where evidence competent for some purposes, but not for all, is admitted generally, counsel must ask, at the time of admission, that its purpose shall be restricted." *Stansbury, N.C. Evidence 2d,* § *27.*

In *Wigmore on Evidence,* 3rd Ed., § 995, we find the following:

"Subject to the general principle (ante, § 944) that the trial Court's discretion controls, the testing of a witness' capacity of recollection *by cross-examination* upon other circumstances, even unconnected with the case in hand, is a recognized and common method of measuring the weight of his testimony."

In the present case, the witness W. N. Lane had testified that he had known the property all his life and that it used to be beautiful pasture. W. N. Lane, without fixing in dollars and cents the value of the property before or after the taking, had also testified on direct examination as to the condition of the soil, and what would be required to correct a moisture problem on the land in question. Moreover, in his charge to the jury, Judge McLean specifically instructed them that the testimony elicited on cross-examination as to what Mr. Lane had paid for the land was not substantive evidence. We are of the opinion and so hold that it was not prejudicial error under the facts and circumstances of this case to test the witness' memory on cross-examination as to what he had paid for the property. *Davis v. Ludlum,* 255 N.C. 663, 122 S.E. 2d 500 (1961); see also *Stansbury, N.C. Evidence* 2d, § 42.

In the trial we find

No error.

BRITT and PARKER, JJ., concur.