NORTH CAROLINA STATE HIGHWAY COMMISSION v. ELMER C. MOORE AND WIFE, JOAN C. MOORE; FIRST UNION NATIONAL BANK, TRUSTEE, AND WESSIE LEE DIAL WILLIAMS

No. 6828SC296

(Filed 11 December 1968)

Eminent Domain § 6— evidence of value'— cross-examination of land-owner as to purchase price

In highway condemnation proceeding, landowner's testimony on cross-examination as to the price paid by him for the subject property some seven years prior to the taking is properly admitted over his objection where (1) there is no evidence that the purchase was made at an involuntary sale, although the property was sold in the settlement of an estate, and (2) there was no change in the immediate vicinity of the property between the date of purchase and the date of taking.

APPEAL by defendants from McLean, J., at the 6 May 1968 Session of BUNCOMBE Superior Court.

This action was instituted by plaintiff pursuant to Article 9, Chapter 136 of the General Statutes for the appropriation of a portion of defendants' lands for highway purposes. All allegations of plaintiff's complaint and declaration of taking were admitted except allegations pertaining to the amount of just compensation accruing to defendants.

Immediately prior to the taking on 5 June 1967, defendants were the owners of a tract of land containing approximately 36,730 square feet with frontage on a one-way ramp leading into Hanover Street in the city of Asheville, N. C. The taking consisted of approximately 5,367 square feet across the front of defendants' property, leaving them with frontage and access on a one-way ramp as before the taking.

The one issue submitted to the jury related to the amount of just compensation to defendants. The jury answered the issue $5,100.00, and from judgment entered on the verdict, defendants appealed.

Attorney General T. Wade Bruton, Deputy Attorney General Harrison Lewis and Trial Attorney Guy A. Hamlin for plaintiff appellee.

Elmore & Reynolds by Dennis J. Winner for defendant appellants.

BRITT, J.

The sole assignment of error brought forward in defendants' brief relates to questions asked defendant Elmer C. Moore on cross-examination. He was asked by plaintiff's counsel if he did not pay $12,500 for the property when he purchased it in 1960. Over objection by defendants' counsel, Mr. Moore was required to answer the question, which he did in the affirmative. Defendants contend that the trial court committed prejudicial error in admitting the testimony relative to the purchase price of the property in 1960.

In their briefs, counsel for plaintiff and defendants cite the case of *Palmer v. Highway Commission*, 195 N.C. 1, 141 S.E. 338. In that case, one of the owners was questioned on cross-examination as to the purchase price of the subject property eighteen years prior to the taking. Over objection, the witness was required to answer, and the Supreme Court ruled that the trial court committed no error in requiring an answer. In the opinion we find the following:

"* * * It is accepted law that when land is taken in the exercise of eminent domain it is competent, as evidence of market value, to show the price at which it was bought if the sale was voluntary and not too remote in point of time. *R. R. v. Church*, 104 N.C., 525; *R. R. v. Mfg. Co.*, 169 N.C., 156. Certainly the value of property eighteen years before the taking, nothing else appearing, would be incompetent, but upon the present record it appears that the plaintiffs had testified that they had owned the property for eighteen years, and that the building was then upon the property. The plaintiffs had further testified that at the time of the taking the property was worth $3,000. It was therefore permissible on cross-examination to test the accuracy of the opinion of the witness as to the value of the property as well as to demonstrate the basis of his opinion as to the value thereof."

The principle of law declared in *Palmer v. Highway Commission*, supra, has been quoted in many decisions of our Supreme Court, including *Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E. 2d 772, (opinion by Sharp, J.). In *Highway Commission v. Nuckles*,

*supra,* it is also said: "The reasonableness of time is dependent upon the nature of the property, its location, and the surrounding circumstances, the criterion being whether the evidence fairly points to the value of the property at the time in question." (Citing *Highway Commission v. Coggins,* 262 N.C. 25, 136 S.E. 2d 265.)

Defendant E. C. Moore testified that he purchased the subject property at a court sale. The evidence indicates that the property was sold in connection with the settlement of an estate. His counsel contends that such sale was not voluntary, therefore, evidence pertaining to it should not have been allowed. We disagree with this contention. Defendants offered no evidence to show that the sale was not voluntary, and mere evidence of a "court sale" does not indicate an involuntary sale. It can be argued that many judicial sales are had as the result of *ex parte* or uncontested proceedings to sell land for partition. Furthermore, G.S. 1-339.28 provides that judicial sales must be confirmed by the clerk or judge of the superior court, or both, as set forth therein. It can be assumed that before confirming a judicial sale, the clerk or judge or both, as the case may be, would determine that the price offered for the property represented its fair market value.

Defendants also contend that the evidence should not have been admitted because of the remoteness of time between the date of the purchase and the date of the taking, a period of some seven years. Defendant E. C. Moore testified that from the time he bought the property and until the time of taking, there was no change in the location and the usage of the highways by the subject property. There was evidence to the effect that there was no change of the area in the immediate vicinity of the subject property; the evidence also showed that there was an old house on the land when the Moores purchased it and that it was still there on the date of the taking.

We hold that under the evidence presented in this case it was not error to show the purchase price of the property.

The assignment of error asserted by defendants is overruled, and the judgment of the superior court is

Affirmed.

BROCK and PARKER, JJ., concur.