NORTH CAROLINA STATE HIGHWAY COMMISSION v. FOREST
    LAWN CEMETERY, INC., JOSEPH G. McCRACKEN, TRUSTEE,
    C. M. McCRACKEN AND WIFE, MRS. C. M. McCRACKEN

No. 7228SC247

(Filed 23 August 1972)

1. Eminent Domain § 6— purchase price of entire property — admissibility

    In a proceeding to condemn a portion of defendants' property for
highway purposes, the trial court did not err in the admission of
evidence of the purchase price of the entire property where evidence
of changes in the nature of other property in the immediate vicinity
of defendants' property shows that such changes occurred after the
taking.

2. Eminent Domain § 6— opinion testimony — highest and best use —
explanation of reasons

    The trial court in a highway condemnation proceeding properly
allowed an appraiser to state why he considered the highest and best
use of the property to be residential.

3. Trial §§ 42, 54— quotient verdict — motion for new trial — insufficiency
of evidence

    The trial court did not err in the denial of defendants' motion to
set aside the verdict on the ground that it was a quotient verdict where
the basis for the motion was a paperwriting found in the jury room
after the verdict was returned, and there was no evidence as to how
long the writing had been in the jury room, whose handwriting it
was, or whether a juror wrote on the paper, and there was no evidence that the jurors agreed in advance to accept as their verdict
one-twelfth of the aggregate of their individual estimates of damages.

APPEAL by defendants from *Martin, Harry C., Judge,* second week of the 16 August 1971 two week Session of Superior
Court held in BUNCOMBE County.

This action was instituted by plaintiff pursuant to Article
9, Chapter 136 of the General Statutes for the appropriation of
a portion of defendants' lands for highway purposes. The appropriation was for the widening and straightening of U.S. 19-23
west of Asheville, under State Highway Project 6.8410019,
Buncombe County.

Immediately prior to the taking on 5 August 1968, defendants were the owners of a tract of land containing approximately 5.41 acres. The taking consisted of approximately 0.19
acres for right of way and approximately 0.35 acres for a con-

struction easement. Also within the area of the taking was an old unoccupied house.

All issues raised by the pleadings were determined by consent order except the issue of just compensation to defendants. The jury answered the damage issue in the sum of $3,000.00. Defendants moved for judgment notwithstanding the verdict, a new trial, and to set aside the verdict; these motions were denied. Judgment was entered in accord with the verdict, and defendants appealed.

*Attorney General Morgan, by Assistant Attorney General Hamlin, for the State.*

*Cecil C. Jackson, Jr., for defendant-appellants.*

BROCK, Judge.

[1] Defendants assign as error the admission of evidence of the purchase price of the entire property. Their argument is that it was error to admit evidence of the purchase price, because there was evidence that between the time the property was purchased and the time of taking there had been changes in the nature of other property in the immediate vicinity of defendants'. However, the record on appeal does not give foundation to defendants' contention. We note that defendants' evidence, through Mr. DeBruhl, Mr. Liles, and Mr. Gooch, tends to show that all changes in the nature of other property in the immediate vicinity of defendants' property took place after the date of the taking, except for the Coble Dairy property which was approximately a quarter mile off the highway in question.

This Court held in *Highway Commission v. Moore*, 3 N.C. App. 207, 164 S.E. 2d 385, that evidence of the purchase price may be brought out on cross-examination where there is no evidence that the sale was involuntary and where there was no evidence of change of the area in the immediate vicinity of the property in question between the date of purchase and the date of taking. The admission of the purchase price into evidence was proper in this case. Defendants' assignments of error numbers 1, 2, and 4 are without merit and are overruled.

[2] The defendants next assign as error that the trial court allowed Mr. Redmon, an appraiser, to state the reasons why he

considered the highest and best use of the property to be residential.

It is generally desirable and proper for an expert witness to give the reasons upon which he based his opinion, and we note that defendants do not show in what way they were prejudiced. This assignment of error is overruled. See *City of Statesville v. Bowles,* 6 N.C. App. 124, 169 S.E. 2d 467.

[3]   In defendants' assignment of error number 6, they maintain that the trial court erred in not granting their motion to set aside the verdict on the grounds that it was a quotient verdict.

Upon defendants' motions, the trial judge conducted a hearing at which time the defendants' attorney testified in pertinent part as follows:

"If Your Honor please, I am referring to Defendant 1 on motion and exhibit of a paperwriting found in the jury room after the verdict was returned and after a juror told me of how the verdict was arrived, and that the juror did explain that the jury did take into consideration the fact that the property owner had removed dirt from the property in question to his property on the other side of the road, and that they did divide the damages by twelve and come up with apparently a quotient."

On cross-examination, his testimony tended to show that he did not know how long the paper had been in the jury room, whose handwriting it was, or whether a juror wrote on the paper. There was no evidence that the jurors agreed in advance to accept as their verdict one-twelfth of the aggregate of their individual estimates of damages. Therefore, under the principles enunciated by Chief Judge Mallard in *Highway Commission v. Matthis,* 2 N.C. App. 233, 163 S.E. 2d 35, the motions were properly denied. This assignment of error is overruled.

Defendants' other assignments of error relate to the charge of the court. These exceptions do not point out the specific portions of the charge excepted to and are therefore broadside. A broadside exception to the charge is improper and will not be considered. In any event, the charge correctly and accurately stated and applied the law arising on the evidence in this case. These assignments of error are overruled.

We have carefully examined all of the assignments of error

and the exceptions properly brought forward and are of the opinion that the defendants had a fair trial, free from prejudicial error.

No error.

Judges HEDRICK and VAUGHN concur.