RHINEHEARDT P. SEAMAN, PLAINTIFF v. BERNIE GARRETT McQUEEN, JR., DEFENDANT v. JULIA GRADY McQUEEN, THIRD-PARTY PLAINTIFF

No. 8010SC720

(Filed 21 April 1981)

1. **Automobiles § 79– intersection accident – contributory negligence as jury question**

     In an action to recover for injuries sustained by plaintiff in an automobile accident the issue of plaintiff's contributory negligence was properly submitted to the jury, and the trial court erred in granting judgment n.o.v. on the ground that the evidence established plaintiff's contributory negligence as a matter of law where the evidence tended to show that plaintiff entered the intersection on a green light; defendant entered the intersection on a red light as he followed a school bus; plaintiff saw the school bus both as it entered the intersection and as it straightened out after it completed its turn; a jury could therefore determine that plaintiff was sufficiently aware of what was going on to his left to satisfy his duty to maintain a proper lookout; even if plaintiff had looked to his left, his view of defendant's car would have been obscured by the bus; a jury question existed as to whether

notice to plaintiff of defendant's failure to stop for a red light, occurring so late in the chain of events which led up to the collision, was sufficient to allow him in the exercise of due care to avoid the collision; and a jury could infer that plaintiff would have been unable to avoid the collision in the short space of time between the emergence of defendant's vehicle from behind the school bus and the collison of the two vehicles.

**2. Trial § 42.2– quotient verdict – granting of new trial error**

In an action to recover damages arising out of an automobile accident, the trial court's granting of a new trial on the issue of damages on the ground that the jury returned a quotient verdict was erroneous, since the trial court's action was based on the bailiff's finding in the jury room, after the verdict was rendered, small pieces of paper with figures and a piece of paper containing twelve figures added and divided by twelve with the result the same as the verdict rendered by the jury, but no evidence appeared of record to support a finding that the jurors agreed beforehand to be bound by a quotient, or that they failed to adopt the quotient as their verdict.

APPEAL by plaintiff from *Braswell, Judge.* Judgment entered 25 April 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 11 February 1981.

Plaintiff alleges he was injured by defendant's negligent operation of a motor vehicle. Defendant alleges contributory negligence. Defendant's father entered the case as a third-party plaintiff alleging property damage to the vehicle defendant was driving due to plaintiff's negligent operation of his own motor vehicle. Upon the death of defendant's father, defendant's mother was substituted as third-party plaintiff pursuant to the consent of all parties.

In a pretrial order the parties stipulated, in pertinent part, (1) that on 22 October 1976 at approximately 3:30 P.M. plaintiff was operating his truck in a southerly direction along U.S. Highway 1A at its intersection with Millbrook Road (R.P.R. 2108), and defendant was operating an automobile in a westerly direction on Millbrook Road; and (2) that traffic control lights at the intersection of U.S. Highway 1A and Millbrook Road were operating properly.

At trial before a jury plaintiff's evidence tended to show the following: The weather was fair. Plaintiff noticed that the stop light was red when he was still 200 feet from the intersection. He looked to his left and right. To his left he noticed a school bus about to enter the intersection to turn into U.S. One North. Plaintiff slowed down to approximately 20 m.p.h. Plaintiff testi-

fied that the school bus had "come out a little bit into the intersection before turning right." Plaintiff testified that when the light turned green, "[t]he bus had already made its turn and straightened out." On cross-examination plaintiff was asked if he looked to his left after the light changed. He answered, "No," although he also testified, "I saw the school bus had done made its turn when I proceeded across [the intersection]." Plaintiff entered the intersection and was struck by defendant's car from the left. Defendant had been proceeding west on Millbrook Road. Plaintiff first observed defendant's automobile at a distance of approximately ten feet. Plaintiff was injured in the collison.

Defendant's evidence tends to show the following: Defendant was proceeding west on Millbrook Road. There were two westbound lanes. Defendant was in the one to the left. There was a school bus in the right lane just ahead of defendant. Defendant was going about 35 m.p.h. as he approached the intersection. The light was green. Defendant's view to his right was obscured by the school bus. He did not see plaintiff's automobile until he was about 20 feet away. A passenger in the car testified that the light had turned yellow as the bus entered the intersection and that defendant's car had been a car length or two behind the bus. The passenger had not seen the plaintiff's car until they passed the bus. The school bus driver testified that the light had turned yellow as he entered the intersection and that defendant's car had been even with the back of the bus or behind it. ·

Defendant moved for directed verdict both at the close of plaintiff's evidence and at the close of all the evidence. Both motions were denied. The jury determined that the defendant had been negligent, that plaintiff had not been contributorily negligent, and that plaintiff had been damaged in the amount of $3,400.00.

After the trial the bailiff went into the jury room to retrieve the legal pad which the jury had been furnished for its deliberations and discovered small pieces of paper with figures and a piece of paper containing twelve figures added and divided by twelve. The result was $3,408.33. The attorneys had already left the courtroom for the day. The judge called them in the next morning and informed them of the situation. He then granted

defendant's motion for a judgment notwithstanding the verdict, and in the alternative he set aside the verdict as against the weight of the evidence. He also granted a new trial on the issue of damages based on his findings that the jury had returned a quotient verdict.

*Young, Moore, Henderson & Alvis by Dan J. McLamb for plaintiff appellant.*

*Ragsdale and Liggett by Peter M. Foley for defendant appellee.*

CLARK, Judge.

[1] The record indicates that the trial court granted judgment notwithstanding the verdict on the ground that the evidence established plaintiff's contributory negligence as a matter of law. "[I]n passing on a motion for judgment n.o.v., the court must view the evidence in the light most favorable to the non-movant." *Summey v. Cauthen*, 283 N.C. 640, 648, 197 S.E. 2d 549, 554 (1973). Judgment as a matter of law then on the ground of contributory negligence should be granted only when plaintiff's contributory negligence is so clearly established that no other reasonable inference or conclusion may be drawn. *Currin v. Williams*, 248 N.C. 32, 102 S.E. 2d 455 (1958).

Plaintiff's testimony that he entered the intersection on a green light must be taken as true on this motion for judgment notwithstanding the verdict. His duty upon entering the intersection has been defined as follows:

"'[A] motorist facing a green light as he approaches and enters an intersection is under the continuing obligation to maintain a proper lookout, to keep his vehicle under reasonable control, and to operate it at such speed and in such manner as not to endanger or be likely to endanger others upon the highway. [Citation omitted] Nevertheless, in the absence of anything which gives or should give him notice to the contrary, a motorist has the right to assume and to act on the assumption that another motorist will observe the rules of the road and stop in obedience to a traffic signal.' [Citations omitted.]

'It is the duty of the driver of a motor vehicle not merely to *look*, but to *keep an outlook* in the direction of travel; and

he is held to the duty of seeing what he ought to have seen.'
[Citations omitted.]

'While ordinarily a driver may proceed on a green or
"go" light or signal, he may not rely blindly thereon but
should exercise due care as to others who may be in the
intersection.' [Citation omitted.] Even so, a green light is a
signal for a motorist to proceed; and if, when he starts
forward in response to the green light, no other vehicle is
then within the intersection or approaching the intersec-
tion within the range of his vision under circumstances
sufficient to put him on notice that it is not going to stop in
obedience to the red light, his primary obligation thereaf-
ter is to keep a proper lookout in the direction of his travel.
In such case, he has a right to assume that any motorist
approaching from his left on the intersecting street will
stop in obedience to the red light facing him unless and
until something occurs that is reasonably calculated to put
him on notice that such motorist will unlawfully enter the
intersection."

*Jones v. Schaffer*, 252 N.C. 368, 375, 114 S.E. 2d 105, 110-11 (1960).

From the foregoing we conclude that the only direction
plaintiff was specifically required to look was "in the direction
of travel"; that he was required to look to his left only as neces-
sary to "maintain a proper lookout"; and that he was "charge-
able with notice only of what he could and should have seen had
he looked to his left." *Id.* at 375-76, 114 S.E. 2d at 111. From
plaintiff's evidence that he saw the school bus both as it entered
the intersection and as it straightened out after it completed its
turn, a jury could infer that whether or not plaintiff actually
looked to his left, he was sufficiently aware of what was going
on to his left to satisfy his duty to maintain a proper lookout.
The law is clear that the mere failure to look to his left was
insufficient evidence standing alone to support a holding of
contributory negligence as a matter of law. *Currin v. Williams*,
248 N.C. at 36, 102 S.E. 2d at 458; *Ford v. Smith*, 6 N.C. App. 539,
170 S.E. 2d 548 (1969). Further, both plaintiff's and defendant's
evidence support an inference by the jury that even if plaintiff
had looked to his left his view of defendant's car would have
been obscured by the school bus. Defendant's own testimony
was that he did not see the plaintiff's car, because the school

bus blocked his view, until he was about 20 feet from the collision. We believe a reasonable juror could infer from this testimony that the school bus blocked the plaintiff's view of the defendant as effectively as it blocked defendant's view of the plaintiff. It is clearly a jury question whether notice to plaintiff of defendant's failure to stop for a red light, occurring so late in the chain of events which led up to the collision, was sufficient to allow him in the exercise of due care to avoid the collision. Defendant's own evidence was that he was unable to avoid the collision upon seeing the plaintiff emerge from behind the school bus. A jury could infer that the plaintiff, too, would have been unable to avoid the collision in the short space of time between the emergence of defendant's vehicle from behind the school bus and the collision of the two vehicles. We hold that the issue of plaintiff's contributory negligence was properly submitted to the jury, and it should not have been disturbed. Judgment notwithstanding the verdict for the defendant is vacated.

The foregoing discussion in support of our reversal of the trial court's entry of judgment notwithstanding the verdict applies equally to that court's granting a new trial on the grounds that the jury's verdict was "against the greater weight of the evidence." Defendant argues that this ruling was a matter entrusted to the sound discretion of the trial judge and should not be disturbed, absent abuse. Our Supreme Court has noted, "The trial judge has the discretionary power to set aside a verdict when, in his opinion, it would work injustice to let it stand; and, *if no question of law or legal inference is involved* in the motion, his action in so doing is not subject to review on appeal in the absence of a clear abuse of discretion." *Selph v. Selph,* 267 N.C. 635, 637, 148 S.E. 2d 574, 575-76 (1966) (emphasis added). This discretionary power extends to the granting of a new trial as against the greater weight of the evidence under Rule 59(a)(9). *See Britt v. Allen,* 291 N.C. 630, 231 S.E. 2d 607 (1977). As noted above, however, the appellate courts are limited to the abuse of discretion standard only where the motion involves "no question of law or legal inference." *Selph v. Selph, supra.* Our examination of the record leads us to the firm conclusion that the trial court's granting a new trial on the issue of contributory negligence was based upon the erroneous legal inference that failure by the plaintiff to look to his left as he entered the intersection constituted contributory negligence

as a matter of law. Believing the greater weight of the evidence to establish that plaintiff failed to take a last look to his left, the court ruled that a verdict for plaintiff on the contributory negligence issue was against the greater weight of the evidence. The trial court's legal error was its assumption that the question of plaintiff's contributory negligence turned solely upon the question of whether he looked to his left immediately before entering the intersection. As we have explained, this is not the law. Our reversal of the trial court's grant of a new trial on the issue of contributory negligence is based therefore, not upon abuse of discretion, but upon the same error of law that rendered the judgment notwithstanding the verdict erroneous.

[2] The trial court's granting of a new trial on the issue of damages on the ground that the jury returned a quotient verdict was also legal error. It is the well-established law of North Carolina that no quotient verdict exists unless the jurors reach a *prior agreement* to be bound by the average of the amount each submits as damages. *Collins v. Highway Com.*, 240 N.C. 627, 83 S.E. 2d 552 (1954) (per curiam); *Highway Comm. v. Cemetery, Inc.*, 15 N.C. App. 727, 190 S.E. 2d 641 (1972); *Highway Commission v. Matthis*, 2 N.C. App. 233, 163 S.E. 2d 35 (1968). *See also*, 12 Strong's N.C. Index 3d, *Trial* § 42.2 (1978). No evidence appears of record to support a finding that the jurors agreed beforehand to be bound by a quotient, or that they failed to adopt the quotient as their verdict; therefore, the trial court's order awarding the defendant a new trial on the ground that the jury returned a quotient verdict reflects an error of law and must be vacated.

Defendant argues strenuously that the trial court's granting of a new trial as to the damages issue under Rule 59 should be committed to the sound discretion of the trial court and not disturbed absent manifest abuse of discretion. We conclude, however, that this too involves a "question of law or legal inference" and is therefore subject to reversal for legal error.

The judgment of the trial court is therefore vacated and the case remanded for entry of judgment in accordance with the verdict.

Vacated and remanded.

Judges ARNOLD and MARTIN (Harry C.) concur.