CITY OF WINSTON-SALEM v. HARVEY LEE DAVIS AND BONNIE NAOMI DAVIS

No. 8121SC1302

(Filed 19 October 1982)

1. **Eminent Domain § 5.1— condemned parcel as separate tract—measure of damages**

    The condemned parcel of land was a separate tract and not just a portion of an entire tract of three parcels purchased by the owners where there was unity of ownership of the three parcels but there was no physical unity or unity of use in that the three parcels were divided by a paved road, and a large parcel was used for a garage, another parcel was used for parking, and the condemned parcel was used solely for one billboard. Therefore, the amount of damages was the fair market value of the condemned property at the time of the taking.

2. **Eminent Domain §§ 6.1, 6.7— purchase price of entire tract—improvements on another parcel**

    Evidence of the purchase price of an entire tract of land was relevant to the value of a condemned parcel of that land where the owners bought the property at a voluntary sale only four years before the condemnation action, and there was no evidence of extensive changes to the condemned parcel or to the surrounding area. However, the cost of improvements on the tract was not relevant where the improvements were not on the condemned parcel but were exclusively on a larger parcel.

3. **Eminent Domain § 6.2— value testimony based upon comparable sales**

    An expert witness was properly permitted to state his opinion of the value of the condemned land based on comparable sales of other vacant lots where the comparables used by the witness were all within four blocks of the condemned property and were similar to the condemned property in zoning, time of sale and size.

4. **Eminent Domain § 6.7— actual use of condemned land—inadmissibility**

    The trial court properly excluded evidence concerning the owners' use of the condemned property for billboard advertising since the determinative question was the value of the land for its highest and best use and not the rental price for the billboard projected over a period of time.

APPEAL by defendants from *Helms, Judge.* Judgment entered 3 August 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 September 1982.

This case involves a condemnation action by the City of Winston-Salem. The facts are as follows. On 20 January 1979, the City of Winston-Salem, plaintiff appellee, condemned a parcel of

land pursuant to G.S. 136, Article 9. The land was owned by defendant appellants. The parcel of land is surrounded by street rights-of-way on three sides, and Interstate 40 right-of-way on the fourth side. The entire parcel, known as Parcel 4, was condemned. It is 15,459 square feet, which is .354 acres. It was vacant except for a billboard sign.

Appellants presented evidence that they bought the property, an old railroad station, from three railroads in April 1975. The entire property consists of three parcels, which are separated by paved roads. On the largest parcel there was an old building which appellants renovated and converted into a garage and body shop. Beside the large parcel is a small circular tract of land which appellants fenced in and graveled. The third parcel, which is the condemned property, is about one-eighth of the entire property. Appellants paid $55,000.00 for the property in 1975. The only improvements that appellants made to the condemned parcel was to trim the trees and erect a billboard.

Appellants' first expert witness, Mr. Norman, testified that the best use for the property would be a convenience store. He said he believed the market value of the property was $68,000.00. He arrived at that sum by estimating the income an owner would receive by leasing the property to a convenience store operator. He did not base his opinion on the sale prices of comparable property. Appellants' second expert witness, Mr. Walker, testified that he thought the condemned property was worth $72,000.00. His opinion was based on the sale price of a comparable property which was 21,052 square feet.

Appellee introduced evidence that appellants paid $55,000.00 for the entire property in 1975. Appellee's first expert witness, Mr. Avent, testified that in his opinion the condemned land was worth $23,200.00. His opinion was based on sale prices of similar vacant lots. The comparable sales Mr. Avent relied on were made between 1974 and 1978. The lots ranged from 15,048 to 67,516 square feet. He said the highest and best use of the property would be a convenience store. Appellee's second expert witness, Mr. Harland, testified that in his opinion the property was worth $24,750.00. He based his opinion primarily on sales of comparable vacant tracts of land.

The jury returned a verdict of $35,000.00 for the appellants.

*City Attorney Ronald G. Seeber and Assistant City Attorney Ralph D. Karpinos, for plaintiff appellee.*

*Franklin Smith, for defendant appellants.*

VAUGHN, Judge.

Appellants bring forward three assignments of error. Their first argument is that the trial court erred in allowing plaintiff to introduce evidence of the prior purchase price of the entire tract of property and in excluding the cost of the improvements to the property. Appellants base their argument on their contention that the condemned parcel was a portion of the entire tract of land and not a separate tract. The issue of whether the condemned land is part of a tract or a whole tract must be resolved first because it determines how damages are measured.

[1] The factors for determining whether the parcels are one tract or several tracts are "unity of ownership, physical unity and unity of use." *City of Winston-Salem v. Tickle,* 53 N.C. App. 516, 281 S.E. 2d 667 (1981), *review denied,* 304 N.C. 724, 288 S.E. 2d 808 (1982). In this case, there is unity of ownership, but no physical unity or unity of use. The evidence shows that a paved road divides the three parcels, indicating there is no physical unity. There is no unity of use because the large parcel is used for a garage, the small round parcel is for parking, but the condemned parcel was used solely for one billboard. Since there is no unity of use and no physical unity, the condemned parcel is a separate tract.

The statute on measuring damages, G.S. 136-112, states:

The following shall be the measure of damages to be followed by the commissioners, jury or judge who determines the issue of damages:

(1) Where only a part of a tract is taken, the measure of damages for said taking shall be the difference between the fair market value of the entire tract immediately prior to said taking and the fair market value of the remainder immediately after said taking, with consideration being given to any special or general benefits resulting from the utilization of the part taken for highway purposes.

(2) Where the entire tract is taken the measure of damages for said taking shall be the fair market value of the property at the time of taking.

Since the condemned parcel is a separate tract, the amount of damages is the fair market value of the property at the time of taking, 20 January 1979.

[2]   This brings us to appellants' question of whether it was erroneous for the trial judge to admit the total purchase price of the entire tract of land.

In general, purchase price is admissible if it is relevant to the value of the land at the time of condemnation. This rule was stated by this Court in *Board of Transportation v. Revis*, 40 N.C. App. 182, 252 S.E. 2d 262, *review denied*, 297 N.C. 452, 256 S.E. 2d 805 (1979).

We review the established rules in North Carolina governing the competency and admissibility of evidence of purchase price paid by a condemnee for land later appropriated for public use, in a proceeding to establish just compensation for the taking:

(1) It is competent as evidence of market value to show the price at which the property was bought if the sale was voluntary and not too remote in point of time.

(2) When land is taken by condemnation, evidence of its value within a reasonable time before the taking is competent on the question of its value at the time of the taking.

(3) Such evidence must relate to the value of the property sufficiently near the time of taking as to have a reasonable tendency to show its value at the time of its taking.

(4) The reasonableness of the time is dependent upon the nature of the property, its location, and the surrounding circumstances. Some of the circumstances to be considered are the changes, if any, which have occurred between the time of purchase by the condemnee and the time of taking by the State, including physical changes in the property taken, changes in its availability for valuable uses, and changes in the vicinity of the property which might have affected its value.

(5) The fact that some changes have taken place does not *per se* render the evidence incompetent. If the changes have been so extensive that the purchase price does not reasonably point to, or furnish a fair criterion for determining value at the time of the taking, when purchase price is considered with other evidence affecting value, the evidence of purchase price should be excluded.

(6) The ultimate criterion is whether, under all the circumstances, the purchase price fairly points to the value of the property at the time of the taking.

*Board of Transportation v. Revis*, 40 N.C. App. at 185-186, 252 S.E. 2d at 264.

Since appellants bought the property at a voluntary sale only four years before the condemnation action, and there was no evidence of extensive changes to the condemned parcel or to the surrounding area, the purchase price was admissible.

Appellants contend that since the purchase price of all the property was admitted, the trial court erred in not allowing them to introduce evidence of improvements to the property. We do not agree. The condemned tract was about one-eighth of the entire property. The largest tract had a run-down building on it when it was purchased, which appellants admitted had some value. Knowing that all the property was purchased for $55,000.00, the jury could determine whether the condemned tract was worth one-eighth of $55,000.00, or $6,875.00, when it was purchased. The evidence of the total purchase price is relevant to the value of the condemned tract. The improvements, however, are not relevant to the value of the condemned tract since they were exclusively on the large tract. That the appellants operated a garage and body shop on the large tract was admissible. But that they spent $150,000.00 renovating the old building and converting it to a garage, is not relevant to the value of the condemned tract and is inadmissible.

Appellants' second argument is that the trial court erred in allowing witnesses to testify about other sales which were not comparable in size or location.

In this State the rule is well settled "that the price paid at voluntary sales of land, similar in nature, location, and con-

City of Winston-Salem v. Davis

dition to the condemnee's land, is admissible as independent evidence of the value of the land taken if the prior sale was not too remote in time. Whether two properties are sufficiently similar to admit evidence of the purchase price of one as a guide to the value of the other is a question to be determined by the trial judge in the exercise of a sound discretion guided by law."

*North Carolina State Highway Commission v. Helderman*, 285 N.C. 645, 653-654, 207 S.E. 2d 720, 726 (1974), *quoting State v. Johnson*, 282 N.C. 1, 21, 191 S.E. 2d 641, 655 (1972). *See* 1 Brandis on North Carolina Evidence § 100 (1982).

[3] Appellants contend that Mr. Avent's testimony about comparables was inadmissible because the comparable sales were not similar in location and size. On *voir dire*, Mr. Avent described the five comparable sales. Four of the sales took place in 1977 or 1978, one took place in 1974. The prices ranged from forty to ninety-one cents per square foot. All of the comparables were larger than the condemned property, but only one was more than forty thousand square feet. All the comparables were vacant on the day of sale and were within four blocks of the condemned property. Appellants cross-examined Mr. Avent extensively on *voir dire*. The trial judge decided that he would allow the evidence as to the comparables. Appellants objected to the line of questioning.

Appellants' authority for excluding Mr. Avent's testimony is *Duke Power Company v. Winebarger*, 300 N.C. 57, 265 S.E. 2d 227 (1980). That case, however, does not support appellants' argument. In *Winebarger*, defendant's witness had given his opinion on the value of an easement. He did not base his opinion on comparables. On cross-examination, the witness was asked questions about at least ten other sales, for example:

"Q. Let me ask you this, do you know anything of a 225.4 acre sale made by Johnson J. Hayes, Jr., to John and Joy Payne in November, 1976?

A. No. As I stated I did not base any appraisal on any comparable.

Q. You don't know that property sold for $148.00 an acre, do you?

A. No, sir.

Mr. Smith objects. Overruled. . . ."

*Duke Power Company v. Winebarger*, 300 N.C. at 60, 265 S.E. 2d at 229. There was no showing that these sales were in any way comparable to defendants' property. The Court stated that "while a witness' *knowledge*, or lack of it, of the values and sales prices of certain noncomparable properties in the area may be relevant to his credibility, the specific dollar amount of those values and prices will rarely if ever be so relevant." *Duke Power Company v. Winebarger*, 300 N.C. at 64, 265 S.E. 2d at 231-232.

In the present case, Mr. Avent testified about properties which the trial judge deemed comparable. This is in contrast with *Winebarger, supra*, where the other properties were not alleged to be comparable at all. If the properties are comparable, the general rule applies and the price is admissible.

The comparables Mr. Avent used were, in fact, quite similar to the condemned property in zoning, time of sale, location and size. Naturally, they could not be in an identical location, but they were all within four or five blocks of the condemned property. Any dissimilarities go to the weight of the evidence, not its admissibility. The jury obviously weighed the evidence since they awarded appellants approximately $2.25 per square foot while the highest price paid for Mr. Avent's comparables was ninety-one cents per square foot.

[4] Appellants' third argument is that the trial court erred in failing to consider the evidence about the use of the property for billboard advertising. We do not agree. This Court stated in *Duke Power Company v. Mom 'n' Pops Ham House, Inc.*, 43 N.C. App. 308, 310-311, 258 S.E. 2d 815, 818 (1979):

In condemnation proceedings, the determinative question is: In its condition on the day of taking, what was the value of the land for the highest and best use to which it would be put by owners possessed of prudence, wisdom and adequate means? The owner's actual plans or hopes for the future are completely irrelevant. Such aspirations are regarded as too remote and speculative to merit consideration.

The value of the land for its highest and best use must be considered, not the rental price for the billboard projected over a

period of time. The investment return of the property was, at least in part, the basis for the opinions of appellants' expert witnesses. Mr. Norman testified that he valued the property based on what a builder or developer would be willing to pay for the property. Mr. Walker stated that he looked at the potential for income for different ways the property might be used.

We have carefully reviewed appellants' assignments of error and find no error.

No error.

Judges WEBB and WELLS concur.