CITY OF WINSTON-SALEM v. NORMAN L. COOPER AND WIFE, RUTH S. COOPER; GEORGE F. PHILLIPS, TRUSTEE; NORTHWEST PRODUCTION CREDIT ASSOCIATION

No. 8421SC414

(Filed 28 December 1984)

1. **Eminent Domain § 6.9— expert witness—cross-examination as to knowledge of general property values**

    In a condemnation trial at which the amount of damages was the only issue, the court erred by not permitting the City to ask defendants' expert witnesses on cross-examination whether they could point to any vacant acreage on an aerial photograph of the area that had ever sold for more than $3,000. An attempt to determine whether the witnesses were knowledgeable about the general values of other properties near the subject property was proper.

2. **Eminent Domain § 6.5— condemnation—misunderstanding of expert witness as to zoning ordinance—affected credibility only**

    In a trial to determine damages for land condemnation, the court did not err by refusing to strike the testimony of an expert witness regarding the value of the property because the testimony was based on an erroneous understanding of the controlling zoning ordinance. The witness's misunderstanding of the zoning ordinance went to the credibility and weight of his testimony rather than its competency.

3. **Eminent Domain § 6.2— admissibility of sales price of one property as evidence of value of another**

    In a land condemnation proceeding, whether two properties are sufficiently similar to admit evidence of the sales price of one as evidence of the value of the other is a matter within the sound discretion of the trial court.

APPEAL by plaintiff from *Hairston, Judge.* Judgment entered 9 December 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 5 December 1984.

*City Attorney Ronald G. Seeber, Assistant City Attorney Ralph D. Karpinos; and Womble, Carlyle, Sandridge & Rice by Roddey M. Ligon, Jr., for the plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready by F. Joseph Treacy, Jr., and Sapp & Mast by David P. Mast, Jr., for the defendant appellees.*

BRASWELL, Judge.

The City of Winston-Salem (hereinafter the City) has appealed from a judgment awarding the defendants, Norman L. Cooper and Ruth S. Cooper, $278,500.00 as compensation for property acquired by condemnation. The City alleges as error three rulings of the trial court relating to evidentiary matters. Because the trial court erred by denying the City an opportunity to adequately cross-examine defendants' experts, we reverse and remand for a new trial.

This condemnation proceeding was instituted by the City to acquire approximately 51 acres of land owned by the defendants. On 21 August 1981, the City took possession of the property by depositing $144,200.00 with the court. In August 1982, the defendants filed an answer. Following the entry of a 7 July 1983 order which settled all issues other than damages, a Commissioners' hearing was conducted. The Commissioners awarded the defendants $144,840.00 compensation. Defendants excepted and demanded a jury trial. The trial was conducted at the 28 November 1983 term of Forsyth County Superior Court. During the trial each party offered extensive testimony from various experts, much of which was objected to, regarding the value of the taken property. Based upon this evidence, the jury awarded the defendants $278,500.00. From the judgment entered upon the verdict, the City appealed.

The City brings forth and argues three questions relating to the admission or the exclusion of certain testimony of the parties' expert witnesses. We believe that question two relating to the refusal of the court to allow cross-examinations of two of Mr.

Cooper's experts regarding their knowledge of property values in the subject area is dispositive of the City's appeal.

[1]  Defendants offered and the court accepted Mr. Shavitz and Mr. Peters as expert witnesses in the field of real estate appraisals. After testifying that they had examined the sale values of other properties in the area, each witness testified as to his opinion regarding the fair market value of the subject property. Mr. Shavitz placed the value at $4,600.00 per acre and Mr. Peters estimated the value to be $4,850.00 per acre. On cross-examination the City asked the following question of Mr. Shavitz.

Q. Mr. Shavitz, could you, to begin with, would you please step over to the aerial photo [Defendants' Exhibit 5] and point out to the jury any vacant acreage tract on the entire aerial photo that has ever sold in any time in history for $3,000 or more?

The City posed essentially the same question to Mr. Peters. Each time the defendants objected and each time the court sustained their objection. On *voir dire* examination, each witness admitted that they knew of no property shown on Defendants' Exhibit 5, an aerial photograph of the 600-800 acres around the subject property, which had ever sold for as much as $3,000 per acre.

The City contends that the court's ruling denied them the opportunity to sift the witnesses with regards to their knowledge of property values in the subject area. They argue that they are not attempting to put before the jury prices of non-comparable real estate, but were merely attempting to show that the experts' opinions were not based upon a knowledge of prices in the area.

The defendants respond that the trial court properly sustained the objections based upon the law established by our Supreme Court in *Power Company v. Winebarger*, 300 N.C. 57, 265 S.E. 2d 227 (1980). Justice Exum writing for the Court stated:

The impeachment purpose of the cross-examination is satisfied when the witness responds to a question probing the scope of his knowledge. Any further inquiry which states or seeks to elicit the specific values of property dissimilar to the parcel subject to the suit is at best mere surplusage. At worst it represents an attempt by the cross-examiner to con-

vey to the jury information which should be excluded from their consideration. When wilful and persistent, such an attempt undercuts the applicable rule of evidence and tends to confuse the jury. It was undoubtedly for these reasons that the rule was explained by Justice (later Chief Justice) Sharp in *Carver v. Lykes*, 262 N.C. 345, 356-57, 137 S.E. 2d 139, 148 (1964), as follows:

"The 'utmost freedom of cross-examination' to test a witness' knowledge of values . . . does not mean that counsel may ask a witness if he doesn't know that a certain individual sold his property for a stated sum with no proof of the actual sales price other than the implication in his question. . . . Where such information is material it is easy enough to establish by the witness himself, whether a certain property has been sold to his knowledge and, if so, whether he knows the price. If he says he does not know, his lack of knowledge is thus established by his own testimony and doubt is cast on the value of his opinion. . . . If he asserts his knowledge of the sale and, in response to the cross-examiner's question, states a totally erroneous sales price, is the adverse party bound by the answer or may he call witnesses to establish the true purchase price? Unless per chance the purchase price of the particular property was competent as substantive evidence of the value of the property involved in the action, it would seem that the party asking the question should be bound by the answer. To hold otherwise would open a Pandora's box of collateral issues." (Citations omitted).

For clarity we here restate the following controlling principles:

(1) Where the value of a particular parcel of realty is directly in issue, the price paid at voluntary sales of land similar in nature, location, and condition to the land involved in the suit is admissible as independent evidence of the value of the land in question, if the sales are not too remote in time. Whether two properties are sufficiently similar to admit the sales price of one as circumstantial evidence of the value of the other is a question to be determined by the trial

judge, usually upon *voir dire. State v. Johnson, supra; Redevelopment Commission v. Panel Co.,* 273 N.C. 368, 159 S.E. 2d 861 (1968).

(2) Conversely, where a particular property is markedly dissimilar to the property at issue, the sales price of the former may not be introduced or alluded to in any manner which suggests to the jury that it has a bearing on the estimation of the value of the latter.

(3) Where a witness has been offered to testify to the value of the property directly in issue, the scope of that witness' *knowledge* of the values and sales prices of dissimilar properties in the area may be cross-examined for the limited purposes of impeachment to test his credibility and expertise. *Templeton v. Highway Commission, supra.*

(4) Under these limited impeachment circumstances, however, it is improper for the cross-examiner to refer to specific values or prices of noncomparable properties in his questions to the witness. *Carver v. Lykes, supra.* Moreover, if the witness responds that he does not know or remember the value or price of the property asked about, the impeachment purpose of the cross-examination is satisfied and the inquiry as to that property is exhausted. *Highway Commission v. Privett, supra.* If, on the other hand, the witness asserts his knowledge on cross-examination of a particular value or sales price of noncomparable property, he may be asked to state that value or price only when the trial judge determines in his discretion that the impeachment value of a specific answer outweighs the possibility of confusing the jury with collateral issues. In such a rare case, however, the cross-examiner must be prepared to take the witness' answer as given. *Carver v. Lykes, supra.*

*Id.* at 64-66, 265 S.E. 2d at 232-33.

Defendants argue that *Winebarger* should be read to prevent a party from asking any question which contains a monetary value. We disagree. The rules stated in *Winebarger* were designed to prevent a party from putting before the jury on cross-examination the prices of other pieces of noncomparable property. The rules were not designed to prevent parties from sifting the

witnesses to determine whether they are knowledgeable about the selling price of properties within the area. We believe that the questions put to Mr. Shavitz and Mr. Peters were proper questions. The City did not ask about specific tracts of property nor did it ask whether there was any property worth as much as the witnesses had testified that the Cooper property was worth. We believe that an attempt to determine whether the witness was knowledgeable about the general values of other property near the subject property was proper, and the court's refusal to allow them that opportunity was prejudicial error necessitating a new trial. Even so, since the other assignments of error raised by the City on appeal may arise on retrial, we will discuss them.

[2] The City also contends the court erred by refusing to strike Mr. Shavitz's testimony regarding the value of the Cooper property because it was based upon an erroneous understanding of the zoning ordinance which controlled the use of the property. Mr. Shavitz testified that the property was zoned to allow multi-family dwellings to be built thereon, and that this was one of the considerations he used in determining its value. The City offered evidence that the property was zoned for single family dwellings. This evidence was supported by the City's zoning ordinance which the City introduced. The City, therefore, argues that Mr. Shavitz's testimony was incompetent and should have been stricken. We disagree. The fact that Mr. Shavitz based his opinion regarding the value of the property upon a misunderstanding of the zoning ordinances goes to the credibility and weight which the jury should accord the testimony, rather than to the competency of the evidence. The assignment of error is overruled.

[3] Finally, the City argues that the court erred in refusing to allow the City to offer evidence regarding the sale prices of the Loflin-Homlin property and the Wake Forest property because it found them to be non-comparable sales. Whether two properties are sufficiently similar to admit evidence of the sale prices of one as evidence of the value of the other is a matter within the sound discretion of the trial court. *City of Winston-Salem v. Davis,* 59 N.C. App. 172, 296 S.E. 2d 21, *disc. review denied,* 307 N.C. 269, 299 S.E. 2d 214 (1982). We do not need to determine whether the court abused its discretion in this instance because at the subsequent trial the evidence which the parties offer may be different,

and that court must determine based upon the evidence introduced at that trial whether the properties are comparable.

Reversed and remanded for a new trial.

Judges BECTON and JOHNSON concur.