GREGORY POOLE EQUIPMENT CO. v. DAVIS

[108 N.C. App. 61 (1992)]

---

GREGORY POOLE EQUIPMENT COMPANY, PLAINTIFF-APPELLEE v. AMOS F. DAVIS, D/B/A AMOS F. DAVIS LOGGING, DEFENDANT-APPELLANT

No. 918SC1049

(Filed 3 November 1992)

**Trial § 52 (NCI3d) — verdict that defendant not indebted to plaintiff — setting aside — no abuse of discretion**

In an action to recover on account for the purchase of logging equipment, the trial court did not abuse its discretion in setting aside the jury's verdict that defendant was not indebted to plaintiff and in ordering a new trial.

**Am Jur 2d, Judgments §§ 679, 682, 708; Trial §§ 1953-1955.**

APPEAL by defendant from Fountain (George M.), Judge. Order entered 22 May 1991 in Superior Court, LENOIR County. Heard in the Court of Appeals 19 October 1992.

This is a civil action wherein plaintiff seeks to recover money damages totalling $90,011.17 allegedly due as the deficiency balance remaining on two Conditional Sales Contracts executed by plaintiff and defendant for the purchase of certain farm equipment by defendant from plaintiff.

At trial, only one issue was submitted to and answered by the jury as follows:

What amount if any is the Defendant indebted to the Plaintiff?

Answer: $0.00

Upon the return of the verdict, Judge Fountain entered the following order:

> The jury having answered "nothing" to the issue submitted to the jury, which issue read: "What amount, if any, is the Defendant indebted to the Plaintiff?" Upon the return of such verdict, the Court, in its discretion, sets aside the verdict as being inadequate.

From Judge Fountain's order setting aside the verdict and ordering a new trial, defendant appealed.

*Howard, From, Stallings & Hutson, P.A., by John N. Hutson, Jr. and Maria C. Scanga, for plaintiff, appellee.*

*White & Allen, P.A., by John P. Marshall, for defendant, appellant.*

HEDRICK, Chief Judge.

The record indicates that Judge Fountain peremptorily instructed the jury on the one issue submitted to it as follows:

> THE COURT: Ladies and Gentlemen of the jury this is a civil action wherein the plaintiff seeks to recover on account for the purchase of two log skidders, and an open account. The defendant has filed an answer in which he has denied that he's indebted to the plaintiff in the amounts claimed by the plaintiff.

SPILLMAN v. AMERICAN HOMES

[108 N.C. App. 63 (1992)]

One issue will be submitted to you. And that simply means one question will be submitted to you, and your answer to that question will constitute your verdict. It reads as follows: "What amount, if any is the defendant" — that is Mr. Davis — "indebted to the plaintiff" — that is Gregory Poole Company?

. . .

So, if you find from the evidence the facts to be as all the evidence tends to show, you will award the plaintiff the sum of $89,542.42. If you do not so find, you will answer it "nothing."

Defendant argues the trial court erred in setting aside the verdict and ordering a new trial. We disagree.

The trial judge has the discretionary power to set aside a verdict or grant a new trial when, in his opinion, it would work injustice to let the jury's verdict stand; and, if no question of law or legal inference is involved, his action in so doing is not subject to review on appeal in the absence of a clear abuse of discretion. *Seaman v. McQueen*, 51 N.C. App. 500, 277 S.E.2d 118 (1981). The record discloses no abuse of discretion on the part of the trial judge in setting aside the verdict and ordering a new trial. The appeal is dismissed.

Dismissed.

Judges ARNOLD and WELLS concur.